2003 ND 139

**LeAnn VOLZ, Plaintiff and Appellant,**

v.

**Bradley K. PETERSON, Defendant and Appellee.**

**No. 20030067.**

Supreme Court of North Dakota.

Aug. 20, 2003.

---

Kevin J. Chapman (on brief), Williston, N.D., for plaintiff and appellant.

Cathy Howe Schmitz (on brief), Williston, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] LeAnn Volz appealed from an order denying her motion to modify the custody provisions of a divorce decree. We reverse and remand, concluding the trial court erred in determining LeAnn had failed to establish a prima facie case entitling her to an evidentiary hearing under N.D.C.C. § 14–09–06.6(4).

I

[¶ 2] LeAnn Volz and Bradley Peterson were divorced in 1998. The divorce judgment, which was based upon the parties' stipulation, provided for "joint/split custody" of the parties' three minor children. The children rotate between LeAnn's and Bradley's homes every two weeks.

[¶ 3] On February 12, 2003, LeAnn served a motion to modify the judgment, requesting that she receive physical custody of the children and that Bradley receive liberal visitation. She supported her motion with affidavits alleging that all three children had expressed their preference to live with LeAnn; the oldest daughter, who was fifteen, refused to return to Bradley's home; Bradley had subjected the oldest daughter to DNA testing to determine if he was her biological father and told the child if he wasn't her father he knew a couple of other people who might be; the children's grades were suffering because of the alternating custody arrangement; the oldest daughter was exposed to drugs and cigarettes in Bradley's home; the oldest daughter and her stepsister would sneak out of Bradley's home at night and lie to Bradley and his wife about who they had been with; and the oldest daughter had been in trouble with drugs, smoking, and skipping school. Bradley responded with

an affidavit admitting some of LeAnn's allegations and denying others. Bradley also moved that the judgment be amended to grant him physical custody of the children.

[¶ 4] The trial court concluded that the parties' affidavits failed to establish a prima facie case justifying modification and, therefore, denied both motions without an evidentiary hearing. LeAnn appealed.

## II

■ [¶ 5] LeAnn contends the trial court erred in denying her an evidentiary hearing on her motion for a change of custody.

[¶ 6] In a modification decision, the trial court must first determine whether a material change in circumstances has occurred and then whether "the modification is necessary to serve the best interest of the child." N.D.C.C. § 14–09–06.6(6).

■ [¶ 7] The procedure for resolving a motion to modify custody is set out in N.D.C.C. § 14–09–06.6(4):

A party seeking modification of a custody order shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. If a prima facie case is established, the court shall set a date for an evidentiary hearing.

A party seeking modification of custody is entitled to an evidentiary hearing if she presents a prima facie case by alleging, with supporting affidavits, sufficient facts which, if uncontradicted, would support a custody modification in her favor. *Law-*

*rence v. Delkamp,* 2003 ND 53, ¶ 7, 658 N.W.2d 758; *Quarne v. Quarne,* 1999 ND 188, ¶ 11, 601 N.W.2d 256.

[¶ 8] We outlined the showing necessary to establish a prima facie case under N.D.C.C. § 14–09–06.6(4) in *O'Neill v. O'Neill,* 2000 ND 200, ¶¶ 4–5, 619 N.W.2d 855 (citations omitted):

A party seeking custody modification under N.D.C.C. § 14–09–06.6(4) is entitled to an evidentiary hearing if the party brings a prima facie case, by alleging, with supporting affidavits, sufficient facts which, if uncontradicted, would support a custody modification in favor of that party. Generally, the opposing party must rebut a prima facie case by going forward with evidence showing the moving party is not entitled to the relief requested. Where the opposing party presents counter affidavits which conclusively establish that the allegations of the moving party have no credibility or where the movant's allegations are, on their face, insufficient, even if uncontradicted, to justify custody modification, the court, under N.D.C.C. § 14–09–06.6(4), can find the moving party has not brought a prima facie case and deny the motion without an evidentiary hearing.

[¶ 9] The affidavits presented by LeAnn, if found to be accurate, established that incidents were occurring when the children were in Bradley's custody which might endanger their physical or mental health. LeAnn alleges that drugs and cigarettes were used in Bradley's home by the parties' oldest daughter and her stepbrother and stepsister. There were also allegations that the oldest daughter and her stepsister would often sneak out of Bradley's home and refuse to tell Bradley and his wife who they had been with. Other allegations indicated the oldest daughter refused to spend her two-week

rotations at Bradley's home. The allegations also showed that the children were having some difficulties in school and that the oldest daughter had been skipping school.

[¶ 10] Our prior cases indicate that allegations showing potential endangerment to the children's physical or mental health constitutes a significant change of circumstances which will raise a prima facie case for a modification of custody and entitlement to an evidentiary hearing. *See O'Neill*, 2000 ND 200, ¶ 8, 619 N.W.2d 855; *Quarne*, 1999 ND 188, ¶ 12, 601 N.W.2d 256. An allegation that a fifteen-year-old is being exposed to drugs and cigarettes in one parent's home and is sneaking out of the house undetected by the parents would show potential physical and mental harm to the children.

[¶ 11] Similarly, a mature child's reasonable preference to live with one parent may constitute a significant change of circumstances under N.D.C.C. § 14–09–06.6. *See Kelly v. Kelly*, 2002 ND 37, ¶ 19, 640 N.W.2d 38; *Gietzen v. Gietzen*, 1998 ND 70, ¶ 10, 575 N.W.2d 924; *Mosbrucker v. Mosbrucker*, 1997 ND 72, ¶ 10, 562 N.W.2d 390; *Alvarez v. Carlson*, 524 N.W.2d 584, 590 (N.D.1994). As this Court noted in *Kelly*, at ¶ 32, "[a]s children mature, more weight may be given to their preferences, if there are persuasive reasons for their preferences." We further noted in *Alvarez*, at 590, that "if the child's preference to live with the noncustodial parent stems from, for example, allegations of abuse against the custodial parent, discord among members of a new step-family, or severe problems at school or in the community, the child's preference coupled with related evidence may demonstrate a significant change of circumstances." In this case, there are allegations of lack of discipline in Bradley's home, drug and cigarette usage by the oldest daughter and her

stepbrother and stepsister, and truancy problems of the oldest daughter. In addition, the oldest daughter in a written exhibit stated she wished to live with LeAnn because LeAnn was more supportive and spent time with the children; Bradley was "too busy or too tired" to spend time with the children; she was tired of "going back and forth" every two weeks; there were problems at Bradley's house between her and her stepbrother and stepsister; and she refused to live at Bradley's home "because I am tired of how I am treated there."

[¶ 12] We also note the trial court recognized the current custody arrangement was not working well. In its order denying the motions, the court stated:

> Changes of circumstance allowing the custody modification are those not known or anticipated at the time of divorce.
>
> Although the Court senses that the split custody is not working as well as the parties hoped at the time of the divorce, and it is also obvious that as the older child matures, she would like more input as to where she lives, those items alone do not justify a change under the legal standards for change of custody. Those issues should have been anticipated when the divorce was granted.
>
> Additionally, neither affidavit on its own would constitute a prima facie case sufficient to move this case forward to an evidentiary hearing.

[¶ 13] The trial court failed to address significant facts raised by the affidavits and misapplied the law on the one fact it did address. The trial court addressed only the oldest child's change of preference and erroneously concluded her preference could not constitute a material change of circumstances because it should have been anticipated at the time of the divorce. This is clearly contrary to our caselaw

indicating a mature child's preference, if supported by persuasive reasons, may constitute a significant change of circumstances under N.D.C.C. § 14–09–06.6. *See In re Thompson*, 2003 ND 61, ¶ 7, 659 N.W.2d 864. In addition, the trial court wholly failed to address allegations supporting an inference the children's physical and mental health might be endangered while in Bradley's custody. *Id.* While noting the current custody arrangement was not working well, the court nevertheless concluded the parties had failed to establish a prima facie case of a material change in circumstances and were not entitled to an evidentiary hearing.

[¶ 14] In determining whether a party has established a prima facie case under N.D.C.C. § 14–09–06.6(4), the trial court must accept the truth of the moving party's allegations and may not weigh conflicting allegations. *O'Neill*, 2000 ND 200, ¶ 7, 619 N.W.2d 855. The trial court may determine the moving party has failed to present a prima facie case and deny the motion without an evidentiary hearing only if the opposing party's counter affidavits conclusively establish that the moving party's allegations have no credibility, or if the moving party's allegations are insufficient, even if uncontradicted, to justify a modification of custody.

[¶ 15] The trial court erroneously concluded that LeAnn had failed to establish a prima facie case for modification of custody. The trial court's denial of her motion without holding an evidentiary hearing violated N.D.C.C. § 14–09–06.6(4) and constituted reversible error. *See O'Neill*, 2000 ND 200, ¶ 8, 619 N.W.2d 855.

[¶ 16] The court's order denying LeAnn's motion is reversed, and the case is remanded for an evidentiary hearing on her motion for modification of custody.[1]

[¶ 17] GERALD W. VANDEWALLE, C.J., WILLIAM A. NEUMANN, CAROL RONNING KAPSNER, JJ.

DALE V. SANDSTROM, J., concurs in the result.

---

1. We express no opinion on the ultimate merits of the motion. We conclude only that LeAnn presented a prima facie case sufficient to trigger her right to an evidentiary hearing under N.D.C.C. § 14–09–06.6(4).