2004 ND 215

**Rosa HAWLEY, f/k/a Rosa LaRocque, Plaintiff and Appellant,**

v.

**Sam D. LaROCQUE, Defendant and Appellee.**

**No. 20040057.**

Supreme Court of North Dakota.

Nov. 19, 2004.

Michael S. McIntee, McIntee Law Firm, Bottineau, N.D., for plaintiff and appellant.

Galen J. Mack, Mack Law Offices, P.C., Rugby, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1]   Rosa Hawley ("Hawley"), formerly known as Rosa LaRocque, appeals from a trial court amended judgment denying her motion to change the child custody provisions in her divorce judgment.  Hawley argues that she has established a prima facie case for a change of custody under N.D.C.C. § 14–09–06.6(4) and is therefore entitled to an evidentiary hearing on the matter.  We conclude the trial court was correct in holding Hawley has failed to establish a prima facie case and, therefore, is not entitled to an evidentiary hearing, and we affirm.

I

[¶ 2]   Rosa and Sam LaRocque ("LaRocque") were divorced in 1997.  The terms of the divorce stipulated that LaRocque receive full custody of the parties' four sons, with Hawley receiving liberal visitation rights.  In September 2003, Hawley filed a motion for a change of custody, requesting that she be granted full physical custody of the four children.  Hawley claimed there had been a substantial change in circumstances and the custodial change would be in the best interests of the children.  Hawley's affidavit in support of her motion alleged that three of the children have stated they wish to live with her, that the fourth child would like to spend more time with her, that LaRocque and his family repeatedly prevented Hawley from exercising her visitation rights, that LaRocque is not providing for the children's medical or dental needs, that

LaRocque does not adequately supervise the children, and that LaRocque has prevented Hawley from obtaining school information on the children. Other than the aforementioned allegations in her affidavit, Hawley's motion for a change of custody was not accompanied by any supporting documentation. In LaRocque's response, he denied each allegation, arguing that the lack of detail in Hawley's motion, "i.e., no time, date, circumstances, witnesses, context, etc.," failed to establish a prima facie case warranting an evidentiary hearing. LaRocque included letters from the children's school teachers, principal, and football coach in support of his position.

[¶3] The trial court concluded that Hawley's affidavit failed to establish a prima facie case justifying modification and denied her motion without an evidentiary hearing.

## II

[¶4] Whether a party has established a prima facie case entitling them to an evidentiary hearing on a motion to change custody is a question of law. *Tank v. Tank*, 2004 ND 15, ¶6, 673 N.W.2d 622. We review questions of law de novo on the entire record. *See Peterson v. North Dakota Univ. Sys.*, 2004 ND 82, ¶6, 678 N.W.2d 163.

## III

[¶5] In a custody modification decision, the trial court must first determine whether a material change in circumstances has occurred and then whether "[t]he modification is necessary to serve the best interest of the child." N.D.C.C. § 14–09–06.6(6).

[¶6] In the instant case, we are only concerned with the first requirement of N.D.C.C. § 14–09–06.6(6), whether a material change in circumstances has occurred. "The moving party demonstrates a material change in circumstances by establishing a prima facie case justifying custody modification." *Tank*, 2004 ND 15, ¶8, 673 N.W.2d 622. A party seeking modification of a custody order is entitled to an evidentiary hearing only if the party establishes a prima facie case by alleging in their supporting affidavits, sufficient facts, which, if uncontradicted, would support a custody modification in favor of that party. *Mock v. Mock*, 2004 ND 14, ¶5, 673 N.W.2d 635 (citing *Volz v. Peterson*, 2003 ND 139, ¶7, 667 N.W.2d 637; *Lawrence v. Delkamp*, 2003 ND 53, ¶7, 658 N.W.2d 758; *Quarne v. Quarne*, 1999 ND 188, ¶11, 601 N.W.2d 256).

[¶7] The procedure for resolving a motion to modify custody is set forth in N.D.C.C. § 14–09–06.6(4):

> A party seeking modification of a custody order shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. If a prima facie case is established, the court shall set a date for an evidentiary hearing.

N.D.C.C. § 14–09–06.6(4).

[¶8] A trial court must set a date for an evidentiary hearing only if the moving party presents a prima facie case. *Mock*, 2004 ND 14, ¶5, 673 N.W.2d 635. We have defined a prima facie case in this way: "The plaintiff or moving party generally bears the burden of proof. If the party bearing the burden of proof presents evidence strong enough, if uncontradicted, to support a finding in her favor, that

party has made a prima facie case." *Id.* (citations omitted).

[¶ 9] This Court has recently described how to establish a prima facie case for a change of custody and what a trial court must consider in deciding whether the burden has been met and an evidentiary hearing is warranted:

> The moving party establishes a prima facie case by alleging, with supporting affidavits, sufficient facts which, if they remained uncontradicted at an evidentiary hearing, would support a custody modification in her favor. A trial court can find the moving party has failed to bring a prima facie case only if the opposing party presents counter affidavits conclusively establishing the allegations of the moving party have no credibility, or if the movant's allegations are insufficient, on their face, to justify custody modification. If the opposing party meets that burden, the prima facie case is rebutted and the trial court may deny the motion to modify custody without holding an evidentiary hearing. However, if the opposing party fails to meet that burden, an evidentiary hearing must be held to resolve conflicting evidence and determine whether custody modification is warranted.

*Tank,* 2004 ND 15, ¶ 9, 673 N.W.2d 622 (internal citations omitted).

IV

[¶ 10] Hawley failed to provide the type of detailed allegations necessary to establish a prima facie case necessitating an evidentiary hearing on a change of custody motion. "A trial court can find the moving party has failed to bring a prima facie case ... if the movant's allegations are insufficient, on their face, to justify custody modification." *Tank,* 2004 ND 15, ¶ 9, 673 N.W.2d 622. In her supporting affidavit, Hawley alleged that three of

the children have stated they wish to live with her, that the fourth child would like to spend more time with her, that LaRocque and his family repeatedly prevented Hawley from exercising her visitation rights, that LaRocque is not providing for the children's medical or dental needs, that LaRocque does not adequately supervise the children, and that LaRocque has prevented Hawley from obtaining school information on the children. Although any one of these allegations, if adequately supported, could present a prima facie case, Hawley has not provided anything beyond very general allegations to support her motion to modify custody. *See Volz v. Peterson,* 2003 ND 139, ¶ 11, 667 N.W.2d 637 (a mature child's preference to live with one parent may be a significant change of circumstances necessitating a change in custody); *Hendrickson v. Hendrickson,* 2000 ND 1, ¶ 18, 603 N.W.2d 896 (custody change may be appropriate when children's best interests are affected by visitation problems); *Tank,* at ¶ 10 (allegations of neglect of the children's physical or mental health raise a prima facie case for a custody modification). Hawley has not provided witness affidavits, reference to specific incidents, specific conversations, or specific dates. Such bare-bones allegations, without support, are insufficient to meet the required prima facie standard. *See Lawrence v. Delkamp,* 2003 ND 53, ¶ 8, 658 N.W.2d 758.

[¶ 11] In circumstances such as this, where the movant's allegations are clearly insufficient, it is not necessary to consider whether LaRocque's response conclusively establishes Hawley's allegations have no credibility. *See Tank,* 2004 ND 15, ¶ 9, 673 N.W.2d 622. The complete lack of detail in Hawley's allegations make them insufficient on their face to establish a prima facie case for a custody modification.

## V

[¶ 12]   We affirm the trial court's order denying Hawley's motion to modify custody.

[¶ 13] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, and CAROL RONNING KAPSNER, JJ., concur.

DALE V. SANDSTROM, J., concurring.

I concur in the result.