2006 ND 101

**Erin Kathleen LAUSEN, Plaintiff and Appellee**

v.

**Kary Jay HERTZ, Defendant and Appellant.**

**No. 20050371.**

Supreme Court of North Dakota.

May 11, 2006.

Mark V. Larson (on brief), Larson Law Firm, P.C., Minot, N.D., for plaintiff and appellee.

Rodney E. Pagel, Pagel Weikum Law Firm, Bismarck, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Kary Jay Hertz appeals from an order denying his request for an evidentiary hearing on his motion for a change of custody of his minor child. We conclude Hertz was not entitled to an evidentiary hearing on his motion for change of custody, because the language in the original judgment authorized the custodial parent, Erin Kathleen Lausen, to remove the child from North Dakota. We affirm.

## I

[¶ 2] Hertz and Lausen have never been married, but have a child together. In 2001, in the context of Lausen's action against Hertz for custody of the child and for support, the district court awarded both parties joint legal custody of the child, designated Lausen as primary caretaker of the child, awarded Hertz visitation, and ordered Hertz to pay Lausen child support. In a memorandum opinion, the district court said Hertz would be responsible for transportation costs for visitation "unless [Lausen] relocates out of the State of North Dakota." A proposed judgment prepared by Lausen's counsel authorized Lausen to remove the child from North Dakota. Hertz objected to that language, but an October 8, 2001, judgment was entered, which provided that Lausen "may remove the child from the state of North Dakota." Hertz again objected to that language, citing N.D.C.C. § 14–09–07 and claiming an issue about an out-of-state move had not been raised. The court reviewed Hertz's objection, but did not change the language authorizing Lausen to remove the child from North Dakota. Hertz did not appeal that judgment. In October 2002, a second amended judgment was entered, which incorporated a stipulation delineating the parties' "custody and visitation rights and duties," but did not alter the language authorizing Lausen to remove the child from North Dakota. There was no appeal from that judgment.

[¶ 3] In June 2005, Hertz moved for a change of custody, asserting Lausen intended to relocate with the child to Michigan. Hertz submitted an affidavit in support of his motion in which he said Lausen's out-of-state move would be devastating to his relationship with the child and would not be in the child's best interests. The district court cited the language from the 2001 judgment authorizing Lausen to remove the child from North Dakota and decided Hertz had failed to establish a prima facie case for change of custody under N.D.C.C. § 14–09–06.6. The court concluded an evidentiary hearing was not warranted and denied Hertz's motion for change of custody.

## II

[¶ 4] Hertz argues he established a prima facie case for an evidentiary hearing on his motion for change of custody under N.D.C.C. § 14–09–06.6(4), because relocation to Michigan is prima facie evidence for an evidentiary hearing. He claims the move is a material change in circumstances which meets his burden of showing a prima facie case for modification under N.D.C.C. § 14–09–06.6(4). Lausen responds Hertz's motion for change of custody, which was based solely on Lausen's relocation to Michigan, failed to recognize that permission to move from North Dakota had been granted in the 2001 judgment and repeated in the 2002 amended judgment. She argues Hertz presented no new facts for the court to consider.

[¶ 5] Under N.D.C.C. § 14–09–06.6(4), a party seeking a modification of custody must serve and file moving papers and the court will consider the motion on briefs without an evidentiary hearing and deny the motion unless the court finds the moving party has established a prima facie case justifying modification. A prima facie case does not require facts which, if proved, would mandate a change of custody as a matter of law; rather, a prima facie case only requires facts which, if proved at an evidentiary hearing, would support a custody determination that could be affirmed on appeal. *Lagro v. Lagro*, 2005 ND 151, ¶¶ 17, 28, 703 N.W.2d 322. A prima facie case is a bare minimum and is merely enough evidence to allow the

trier of fact to infer the fact at issue and rule in the party's favor. *Id.*

[¶ 6] As relevant to Hertz's motion for change of custody, N.D.C.C. § 14–09–06.6(6) provides:

> The court may modify a prior custody order after the two-year period following the date of entry of an order establishing custody if the court finds:
>
> a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and
>
> b. The modification is necessary to serve the best interest of the child.

[¶ 7] In *Lagro,* 2005 ND 151, 703 N.W.2d 322, this Court, with four justices participating, recently considered the standard of review for the denial of an evidentiary hearing on a motion for a change of custody under N.D.C.C. § 14–09–06.6. Two justices applied an abuse-of-discretion standard for review of the denial of an evidentiary hearing, concluding the movant had not established a prima facie case. *Id.* at ¶¶ 14, 25. One justice concurred in the result. *Id.* at ¶ 25. A dissent said it was improper to change what had previously been a question of law into a matter of discretion. *Id.* at ¶¶ 34–35 (Kapsner, J., dissenting).

[¶ 8] Under N.D.C.C. § 14–09–06.6(6) and either standard of review, we conclude Lausen's contemplated move out-of-state, as recognized by the unappealed initial judgment and amended judgment, was not a material change in circumstances and was a fact that existed and was known to the court at the time of the prior order. Hertz's reliance on *Gietzen v. Gietzen,* 1998 ND 70, ¶ 10, 575 N.W.2d 924 and *Hanson v. Hanson,* 1997 ND 151, ¶¶ 10–11, 567 N.W.2d 216, for the proposition that an out-of-state move is a material change in circumstances is misplaced. Those cases do not involve language similar to the provision in the 2001 judgment in this case.

[¶ 9] Hertz nevertheless claims the language in the 2001 judgment authorizing Lausen to remove the child from North Dakota is not controlling, because N.D.C.C. § 14–09–07 requires her, *at the time* of the contemplated relocation, to obtain the court's permission to relocate from North Dakota. Section 14–09–07, N.D.C.C., provides that a custodial parent may not relocate to another state with the child "except upon order of the court or with the consent of the noncustodial parent." Hertz effectively claims the language in the 2001 judgment is not controlling and Lausen must obtain court permission *at the time* of her move before relocating out-of-state.

[¶ 10] Although res judicata has limited application in child custody cases, *see Wetch v. Wetch,* 539 N.W.2d 309, 312 (N.D.1995), this Court has said an unappealed judgment may be res judicata as to an issue decided in the original judgment. *Schnell v. Schnell,* 252 N.W.2d 14, 19 (N.D. 1977) (unappealed original judgment included provision for child support after child reached majority and was attending college and that provision was res judicata). Here, there is a court order authorizing Lausen to relocate to another state under N.D.C.C. § 14–09–07. Permission to relocate was sought by Lausen, opposed by Hertz and granted by the court. Neither the original judgment nor the amended judgment reiterating that permission were appealed by Hertz. The authorization is not a fact that has arisen since the prior order or which was unknown to the court at the time of the prior order within the meaning of N.D.C.C. § 14–09–06.6(6).

Hertz's motion for change of custody was based solely on Lausen's contemplated move out-of-state, which was raised and specifically decided in the initial proceeding. Hertz has cited no other new facts to justify a change of custody, and within the context of his motion for change of custody, the original unappealed judgment is res judicata and is a court order authorizing Lausen to relocate to another state.

[¶ 11] Under the plain language of N.D.C.C. § 14–09–06.6(4) and the provision in the unappealed 2001 judgment, we conclude Hertz has not established a prima facie case justifying modification of custody either as a matter of law or under the abuse-of-discretion standard.

### III

[¶ 12] We affirm the order.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

I concur in the result. DALE V. SANDSTROM, J.