2007 ND 84

**Ryan G. DIETZ, Plaintiff and Appellant**

v.

**Sarah M. DIETZ, nka Sarah M. Wilkins, Defendant and Appellee.**

No. 20060229.

Supreme Court of North Dakota.

June 7, 2007.

Rehearing Denied July 25, 2007.

Arnold V. Fleck, Fleck Law Office, Bismarck, N.D., for plaintiff and appellant.

Todd D. Kranda, Kelsch, Kelsch, Ruff & Kranda, Mandan, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] Ryan Dietz appeals from a district court order denying his motion for a change of custody of his three minor children, for an interim order placing temporary custody of the children with him, for a finding that his former wife, Sarah Wilkins, was in contempt of court, for appointment of a psychologist and a child custody investigator, and for attorney fees. We conclude the district court misapplied the law in deciding Dietz had not established a prima facie case for modification of custody, and we reverse and remand.

I

[¶ 2] Wilkins and Dietz were divorced in 2002. They had three children during their marriage, a daughter born in 1994, a daughter born in 1996, and a son born in 1999. At the time of the divorce, Wilkins was attending medical school in Grand Forks and Dietz lived in Bismarck. The initial divorce decree awarded Wilkins physical custody of the parties' three children for nine months during the school

year and awarded Dietz physical custody of the children during the summer. Each party received visitation when the children were in the custody of the other parent. In 2003, Wilkins moved to Bismarck with the children. In January 2004, the judgment was amended to award the parties joint legal custody of the children, with Wilkins receiving primary physical custody subject to visitation by Dietz.

[¶ 3] In June 2006, Dietz moved for an order awarding him custody of the children under N.D.C.C. § 14-09-06.6, for an interim order placing temporary custody of the children with him pending his motion for change of custody, for an order finding Wilkins in contempt for denying and interfering with his visitation rights and right to contact the children under the amended judgment, for an order appointing a psychologist and a child custody investigator, and for an order awarding him attorney fees. In support of his motion, Dietz filed several affidavits and other documentary evidence which he asserted supported his allegations that Wilkins had willfully and persistently interfered with his visitation and contacts with the children; that Wilkins had engaged in a pattern of domestic violence, including two incidents that resulted in serious bodily injury to one of the children and to one of Dietz's friends; that continued custody of the children with Wilkins would endanger the children's emotional and physical health and welfare; that Wilkins had moved with the children from Bismarck to Fargo without permission from him or the district court; that Wilkins had failed to engage in any discussions with him about the children's extracurricular activities; that Wilkins had not attended or completed a "Children of Divorce" class, as required by the January 2004, amended judgment; that Wilkins had used the children to spy on him by recording his telephone conversations with them; that in July 2006, Wilkins would begin a medical residency program that would leave her less than one day a week to spend with the children and would require her to move several different times during the next five to six years; that Wilkins had maintained multiple relationships with different men since the January 2004, amended judgment; that in April 2006, Wilkins married a man whom the "children hardly even know" and because of Wilkins' medical school requirements, would be the primary caregiver for the children while she pursued her medical career; and that Wilkins' lifestyle and manner of disciplining the children had endangered, or likely would endanger, the children's emotional and physical health.

[¶ 4] Dietz's affidavit stated the children had expressed a preference to live with him; Wilkins had routinely denied him telephone contacts and visits with his children from June 2005 through October 2005; Wilkins had moved with the children from Bismarck to Fargo; Wilkins had hit the youngest child on one occasion and bloodied his nose leaving a noticeable scab and permanent scar on his lip; and the oldest child sometimes had been left to care for the youngest child.

[¶ 5] Wilkins responded with affidavits and other evidence detailing the parties' tumultuous history regarding custody and visitation since the divorce, and faulting Dietz for those difficulties. Wilkins' affidavit stated Dietz's allegations of abuse and neglect were completely false and unfounded; she provided the children with structure and discipline and had never hit the children in an inappropriate manner; her school and work schedule would allow her to play an active role in the children's lives; the problems with visitation and telephone contacts were attributable to Dietz; Dietz's behavior "had comprised constant verbal abuse and harassment of

[Wilkins], the children, and [Wilkins'] parents"; "Dietz is a liar [and] a cheat"; he leads an unstable life; and the information presented by Dietz was "completely false or very twisted versions of the truth."

[¶ 6] Dietz scheduled a July 10, 2006, hearing on his motion for the interim order for temporary custody of the children pending his motion for change of custody. The district court cancelled that scheduled hearing, stating it would consider Wilkins' response to Dietz's motion to modify custody to decide whether Dietz had established a prima facie case for modification under N.D.C.C. § 14–09–06.6(4), and if the court decided he had established a prima facie case, the court would then consider issuing an interim order. The court thereafter rejected Dietz's request to file "a brief in reply to the brief and affidavits" submitted by Wilkins, stating there was no provision in N.D.C.C. § 14–09–06.6(4) "establishing a right [to] 'a brief in reply to the brief and affidavits the defendant submits.' "

[¶ 7] In considering Dietz's motion to modify custody, the district court said it "must weigh the conflicting evidence in the affidavits." Based upon the documentary evidence presented on the motion, the court decided Dietz had failed to establish a prima facie case for modification of custody, Dietz had not shown changed circumstances, Dietz's allegations were insufficient to justify a modification of custody, and there was no need for an evidentiary hearing on the custody issue. The court quoted extensively from a memorandum decision preceding the January 2004, amended judgment and said that since that decision, the parties' affidavits indicated nothing had changed in terms of visitation problems, phone calls, changes of addresses and phone numbers, lack of cooperation, and general acrimony. The court rejected Dietz's claim that Wilkins' remarriage was a material change in circumstances. The

court also said Wilkins' move from Bismarck to Fargo was an in-state move that was not precluded by N.D.C.C. § 14–09–07, and was not a material change in circumstances. The court decided there was no need for an interim order and no need for appointment of a psychologist or child custody investigator. The court also declined to find Wilkins in contempt for failing to attend the "Children of Divorce" class, stating her failure was a "trifle" when compared to the continuing acrimony between the parties. The court decided each party was responsible for their own costs and attorney fees.

## II

[¶ 8] Dietz argues he established a prima facie case for custody modification under N.D.C.C. § 14–09–06.6(4), and the district court erred in denying his motion without an evidentiary hearing.

[¶ 9] Before custody may be modified after a two-year period following a prior custody order, the district court must consider whether a material change in circumstances has occurred and, if the court finds a material change in circumstances, the court must decide whether custody modification is necessary to serve the best interests of the child. N.D.C.C. § 14–09–06.6(6). A moving party demonstrates a material change in circumstances by establishing a prima facie case under N.D.C.C. § 14–09–06.6(4), which deals with limitations on post-judgment custody modifications and provides:

A party seeking modification of a custody order shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion

unless the court finds the moving party has established a prima facie case justifying a modification. If a prima facie case is established, the court shall set a date for an evidentiary hearing.

[¶ 10] In *Lagro v. Lagro*, 2005 ND 151, ¶¶ 16–17, 703 N.W.2d 322 (citations omitted), we outlined the standard for establishing a prima facie case:

A party seeking custody modification under N.D.C.C. § 14–09–06.6(4) is entitled to an evidentiary hearing if the party brings a prima facie case, by alleging, with supporting affidavits, sufficient facts which, if uncontradicted, would support a custody modification in favor of that party. Generally, the opposing party must rebut a prima facie case by going forward with evidence showing the moving party is not entitled to the relief requested. Where the opposing party presents counter affidavits which conclusively establish that the allegations of the moving party have no credibility or where the movant's allegations are, on their face, insufficient, even if uncontradicted, to justify custody modification, the court, under N.D.C.C. § 14–09–06.6(4), can find the moving party has not brought a prima facie case and deny the motion without an evidentiary hearing.

[¶ 11] In *Tank v. Tank*, 2004 ND 15, ¶ 12, 673 N.W.2d 622 (citations omitted), a majority of our Court held:

A prima facie case does not require facts which, if proved, would mandate a change of custody as a matter of law. A prima facie case only requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. A prima facie case is only "enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." It is a bare minimum.

[¶ 12] In *Lausen v. Hertz*, 2006 ND 101, ¶ 7, 714 N.W.2d 57, we recently discussed this Court's standard of review of a district court's denial of an evidentiary hearing under N.D.C.C. § 14–09–06.6(4):

In *Lagro*, 2005 ND 151, 703 N.W.2d 322, this Court, with four justices participating, recently considered the standard of review for the denial of an evidentiary hearing on a motion for a change of custody under N.D.C.C. § 14–09–06.6. Two justices applied an abuse-of-discretion standard for review of the denial of an evidentiary hearing, concluding the movant had not established a prima facie case. *Id.* at ¶¶ 14, 25. One justice concurred in the result. *Id.* at ¶ 25. A dissent said it was improper to change what had previously been a question of law into a matter of discretion. *Id.* at ¶¶ 34–35 (Kapsner, J., dissenting).

In *Lausen*, at ¶ 8, we concluded that under either standard of review, the movant had failed to establish a prima facie case for a material change in circumstances. Here, we conclude that, under either standard of review, the district court misapplied the law and erred in deciding Dietz had not established a prima facie case for custody modification.

[¶ 13] The district court said problems with visitation, phone calls, Wilkins' failure to notify Dietz of her change of address, and the general lack of cooperation and acrimony between the parties was merely a continuation of conduct that had occurred before the January 2004, amended judgment. A party's failure to comply with the terms of a judgment or order is not excused merely because the parties had previously been violating the judgment or order, and this Court has recognized that although a denial or frustration of visitation and telephone contacts, by themselves, may not be enough to ulti-

mately modify custody, they are relevant to whether there is a significant change in circumstances when those actions are detrimental to the children's best interests. *See Clark v. Clark*, 2006 ND 182, ¶¶ 19–20, 721 N.W.2d 6; *Bladow v. Bladow*, 2005 ND 142, ¶ 10, 701 N.W.2d 903; *Frieze v. Frieze*, 2005 ND 53, ¶ 4, 692 N.W.2d 912; *Roberson v. Roberson*, 2004 ND 203, ¶ 13, 688 N.W.2d 380; *Tank*, 2004 ND 15, ¶¶ 17–20, 673 N.W.2d 622; *Anderson v. Resler*, 2000 ND 183, ¶ 9, 618 N.W.2d 480; *Hendrickson v. Hendrickson*, 2000 ND 1, ¶¶ 18–19, 603 N.W.2d 896. Evidence of physical child abuse in an environment that endangers a child's physical or emotional health also constitutes a material change in circumstances. *See Mock v. Mock*, 2004 ND 14, ¶¶ 7–10, 673 N.W.2d 635; *Quarne v. Quarne*, 1999 ND 188, ¶ 12, 601 N.W.2d 256. The district court also said Wilkins' move with the children from Bismarck to Fargo did not constitute a material change in circumstances because N.D.C.C. § 14-09-07 does not prevent a custodial parent from moving with children within the state. However, an in-state move with the children may be a material change of circumstance. *See Mock*, 2004 ND 14, ¶ 7, 673 N.W.2d 635; *Kelly v. Kelly*, 2002 ND 37, ¶ 19, 640 N.W.2d 38; *Gietzen v. Gietzen*, 1998 ND 70, ¶ 10, 575 N.W.2d 924. The marriage of a parent may also constitute a significant change in circumstances. *Gietzen*, at ¶ 10. Moreover, a mature child's reasonable preference to live with one parent also may constitute a significant change in circumstances. *E.g.*, *Volz v. Peterson*, 2003 ND 139, ¶ 11, 667 N.W.2d 637.

[¶ 14] The specific allegations in Dietz's numerous supporting affidavits, if believed and considered together, establish a prima facie case through several specific facts that could demonstrate a material change in circumstances and support a change in custody. Dietz's evidence, if believed, indicates that Wilkins may have persistently and willfully denied and interfered with Dietz's visitation to such an extent that it may be detrimental to the best interests of the children; Wilkins moved with the children from Bismarck to Fargo; Wilkins accepted a position in a medical residency program that will require her to commute from Fargo to Grand Forks to work 75 to 80 hours per week; Wilkins' residency program will require her to move frequently over the next five years; the children have expressed a preference to live with Dietz; and Wilkins had physically injured one of the children.

 [¶ 15] Although Wilkins has submitted opposing arguments and affidavits challenging Dietz's assertions, those affidavits do not conclusively establish that Dietz's allegations have no credibility or that his allegations are insufficient, on their face, to justify custody modification. Wilkins' affidavits raise conflicting fact issues about some of Dietz's allegations, and in considering whether a movant has established a prima facie case, a court may not weigh conflicting allegations. *Roberson*, 2004 ND 203, ¶ 6, 688 N.W.2d 380; *Mock*, 2004 ND 14, ¶ 10, 673 N.W.2d 635; *Volz*, 2003 ND 139, ¶ 14, 667 N.W.2d 637; *O'Neill v. O'Neill*, 2000 ND 200, ¶ 7, 619 N.W.2d 855. We emphasize, however, that allegations of harm that prove to be unfounded and not made in good faith subject the parent making the allegations to court costs and attorney fees under N.D.C.C. § 14-09-06.5. We conclude the district court misapplied the law in "weigh[ing] the conflicting evidence in the affidavits." We therefore reverse the order denying Dietz's motion to modify custody, and we remand for an evidentiary hearing.

 [¶ 16] In conjunction with this issue, Dietz also claims the district court

erred in denying him an opportunity to serve a reply brief to Wilkins' brief and affidavits in opposition to his motion. Dietz contends he has the right to serve and file a reply brief within five days after service of an answer brief under N.D.R.Ct. 3.2(a), which deals with motion practice and provides in part:

> (a) Submission of motion.
>
> . . . .
>
> (2) Briefs. Upon serving and filing a motion, the moving party shall serve and file a brief and other supporting papers and the adverse party shall have ten days after service of a brief within which to serve and file an answer brief and other supporting papers. The moving party may serve and file a reply brief within five days after service of the answer brief. Upon the filing of briefs, or upon expiration of the time for filing, the motion is deemed submitted to the court unless counsel for any party requests oral argument on the motion.

[¶ 17] Here, the district court said N.D.C.C. § 14–09–06.6(4) does not include a "provision establishing a right [to] 'a brief in reply to the brief and affidavits the defendant submits.'" Although N.D.C.C. § 14–09–06.6(4) does not explicitly establish a right to a reply brief, N.D.R.Ct. 3.2(a)(2) allows a moving party to serve and file a reply brief within five days of service of an answer brief. This Court has the authority to promulgate rules of procedure in courts of this state under N.D. Const. art. VI, § 3, and when construing a procedural rule and a statute, we harmonize them if possible. *Traynor v. Leclerc*, 1997 ND 47, ¶ 8, 561 N.W.2d 644. We conclude the district court erred in not allowing Dietz an opportunity to file a reply brief in response to Wilkins' answer brief and in denying Dietz an evidentiary hearing on his motion to modify custody.

### III

[¶ 18] Dietz argues the district court erred in summarily denying his motion for an interim order placing temporary custody of the children with him pending the resolution of his motion for change of custody. He claims he was entitled to an evidentiary hearing under N.D.R.Ct. 8.2(d), which provides that if an interim order is sought, "the court shall hold a hearing no later than 30 days from the date of filing the motion."

[¶ 19] In *Whitmire v. Whitmire*, 1997 ND 214, ¶ 11, 570 N.W.2d 231, this Court said that N.D.R.Ct. 8.2 was "expressly intended for all 'interim orders in domestic relations cases,' [and a] post-decree motion seeking to modify the terms of custody or visitation in a divorce decree is a domestic relations case." However, *Whitmire*, involved a proceeding that occurred before the 1997 adoption of the requirements for a prima facie case in N.D.C.C. § 14–09–06.6. If a prima facie case is not established as a preliminary matter under N.D.C.C. § 14–09–06.6(4), a hearing on an interim order pending the proceeding for the motion to change custody is not necessary. The district court may revisit this issue on remand.

### IV

[¶ 20] Dietz argues the district court erred in summarily denying his motion to find Wilkins in contempt. Dietz argues he was entitled to a hearing under N.D.C.C. § 27–10–01.3(1)(a), which provides:

> The court on its own motion or motion of a person aggrieved by contempt of court may seek imposition of a remedial sanction for the contempt by filing a motion for that purpose in the proceeding to which the contempt is related. The court, after notice and hearing, may im-

pose a remedial sanction authorized by this chapter.

Wilkins responds that the district court did not abuse its discretion in finding she was not in contempt of court, and Dietz waived his right to a hearing because he failed to secure and notice a hearing for the contempt portion of his motion.

[¶ 21] Dietz's motion asked the district court to hear his contempt motion with his motion to modify custody, but said if the court concludes he had not established a prima facie case for custody modification, he would schedule and serve notice for an evidentiary hearing on the contempt motion. The court denied Dietz's motion for contempt without an evidentiary hearing after deciding Dietz had not established a prima facie case for custody modification. Dietz was entitled to a hearing on his contempt motion under N.D.C.C. § 27–10–01.3(1)(a), and nothing in this record indicates he voluntarily, intentionally, and knowingly waived a hearing. *See Lawrence v. Delkamp*, 2006 ND 257, ¶¶ 7–12, 725 N.W.2d 211. We conclude the district court erred in denying Dietz a hearing on his contempt motion.

### V

[¶ 22] Dietz argues the district court erred in denying his request for a psychological examination of the children and appointment of a custody investigator. Because we conclude Dietz has established a prima facie case for custody modification, the district court may reconsider these issues on remand.

### VI

[¶ 23] Dietz claims he is entitled to an award of attorney fees incurred in this appeal. We reject Dietz's claim and conclude he is not entitled to attorney fees for this appeal.

### VII

[¶ 24] Dietz also asks this Court to issue a supervisory writ and assign the remanded case to a different district court judge because the judge who denied Dietz's motion has prejudged important and disputed issues in this case. The district court judge's initial decision in this case was based on a misapplication of the standard for a prima facie case, and we reject Dietz's request that we reassign this case to a different judge on remand. *See Johnson v. Johnson*, 2002 ND 151, ¶ 27, 652 N.W.2d 315; *T.F. James Co. v. Vakoch*, 2001 ND 112, ¶¶ 18–20, 628 N.W.2d 298; *Schiff v. Schiff*, 2000 ND 113, ¶ 50, 611 N.W.2d 191.

### VIII

[¶ 25] We reverse and remand for proceedings consistent with this opinion.

[¶ 26] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.

DALE V. SANDSTROM, I concur in the result.