Filed 1/17/08 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2008 ND 8

Kelli Jo Kourajian, Plaintiff and Appellee

v.

Darin Chris Kourajian, Defendant and Appellant

No. 20070175

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Robert J. Schultz, Conmy Feste, Ltd., P.O. Box 2686, Fargo, ND 58108-2686, for plaintiff and appellee.

Dennis D. Fisher (argued) and Jeff A. Bredahl (on brief), Bredahl & Fisher, 3431 4th Ave. S., Ste. 200, Fargo, ND 58103, for defendant and appellant.

Kourajian v. Kourajian

No. 20070175

VandeWalle, Chief Justice.

[¶1] Darin Kourajian appealed from a district court order which denied his motion for a change of custody without granting an evidentiary hearing.  We affirm.

I.

[¶2] Darin and Kelli Kourajian divorced in Iowa in 2004.  Darin Kourajian was granted custody of the two eldest children, while Kelli Kourajian took custody of the two youngest children.  Kelli Kourajian and the two youngest children had moved to North Dakota in 2003.  In April 2007, Darin Kourajian brought a motion to change custody of the two youngest children from Kelli Kourajian to himself. 

[¶3] In support of his motion, Darin Kourajian filed an affidavit alleging that Kelli Kourajian had several jobs and moved four times since 2003; that Kelli Kourajian filed bankruptcy in 2005 and has written bad checks; that Kelli Kourajian was engaged to and lived with a man in 2006 then hired a surrogate to have a baby; that the engagement was called off and Kelli Kourajian gave up her parental rights to the baby; that Kelli Kourajian does not let the children speak to him when she is angry and tells the children to call his new wife inappropriate names; that the children are not doing well in school and are frequently tardy or absent; that it is inappropriate for the eight-year old boy and six-year old girl to share a bedroom; that Kelli Kourajian is an alcoholic and mixes sleeping pills with alcohol; that Kelli Kourajian leaves the children home alone to go to a store, bar or her friends’ homes; that Kelli Kourajian had their oldest child babysit during a 2006 visit while she went to the bar; that the children in his custody missed their flight home because Kelli Kourajian was unable to get the children ready in time; that Kelli Kourajian called him at 1:00 a.m. on a school night and their son was still up playing video games; and that Kelli Kourajian leaves him inappropriate messages.

[¶4] Darin Kourajian’s affidavit also stated that he is remarried, owns a four-

bedroom home in a safe neighborhood and has been a chiropractor for three years; that his home is more routine and structured; that the children in his custody are in bed by 9:30 p.m. on school nights; that they do family activities together; that his brother and Kelli Kourajian’s parents and sister live nearby; that his new wife supports his efforts to gain custody and is a loving stepmother; and that the children in his custody are good students and involved in extracurricular activities.

[¶5] Kelli Kourajian submitted an affidavit stating that she is a recovering alcoholic who has been sober since July 2006; that she attends weekly AA meetings; that the children have lived in a peaceful, stable environment in her home since the divorce; that she has numerous family members nearby involved in the children’s lives; that she works as a receptionist; that she provides the children with insurance and takes them to regular check-ups; that the children are involved in extracurricular activities and are well-acclimated to the Fargo area; and that she obtained a protective order against Darin Kourajian in November 2002 due to physical abuse.  Darin Kourajian submitted a responsive affidavit which denied all allegations of abuse.

[¶6] In its June 2007 order, the district court found no prima facie case for modification of custody and denied Darin Kourajian’s motion without holding an evidentiary hearing. 

II.

[¶7] Darin Kourajian argues he established a prima facie case for custody modification under N.D.C.C. § 14-09-06.6(4).  

[¶8] Before custody may be modified after a two-year period following a prior custody order, the district court must consider whether a material change in circumstances has occurred and, if the court finds a material change in circumstances, the court must decide whether custody modification is necessary to serve the best interests of the child.  N.D.C.C. § 14-09-06.6(6).  A moving party demonstrates a material change in circumstances by establishing a prima facie case under N.D.C.C. § 14-09-06.6(4), which provides:

A party seeking modification of a custody order shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. If a prima facie case is established, the court shall set a date for an evidentiary hearing.

[¶9] The standard for establishing a prima facie case was outlined in 
Lagro v. Lagro
, 2005 ND 151, ¶ 16, 703 N.W.2d 322 (citations omitted):

A party seeking custody modification under N.D.C.C. § 14-09-06.6(4) is entitled to an evidentiary hearing if the party brings a prima facie case, by alleging, with supporting affidavits, sufficient facts which, if uncontradicted, would support a custody modification in favor of that party.  Generally, the opposing party must rebut a prima facie case by going forward with evidence showing the moving party is not entitled to the relief requested.  Where the opposing party presents counter affidavits which conclusively establish that the allegations of the moving party have no credibility or where the movant’s allegations are, on their face, insufficient, even if uncontradicted, to justify custody modification, the court, under N.D.C.C. § 14-09-06.6(4), can find the moving party has not brought a prima facie case and deny the motion without an evidentiary hearing.

A prima facie case does not require facts which, if proved, would mandate a change of custody as a matter of law.  
Tank v. Tank
, 2004 ND 15, ¶ 12, 673 N.W.2d 622.  A prima facie case only requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed.  
Id.
  A prima facie case is only “enough evidence to allow the fact-trier to infer the fact at issue and rule in the party’s favor.”  
Id.
 (citations omitted).

[¶10] As noted in this Court’s decision in 
Lausen v. Hertz
, 2006 ND 101, ¶ 7, 714 N.W.2d 57, citing 
Lagro
, there is disagreement amongst the Court regarding whether a denial of an evidentiary hearing on a motion for a change of custody should be reviewed under an abuse of discretion standard or should be reviewed as a matter of law.  Nevertheless, we conclude that under either standard of review, Darin Kourajian failed to establish a prima facie case for a material change of circumstances. 

[¶11] Darin Kourajian alleges Kelli Kourajian has issues with alcohol abuse.  A material change of circumstances includes important new facts unknown at the time of the prior custodial decree.  
Kelly v. Kelly
, 2002 ND 37, ¶ 17, 640 N.W.2d 38.  Kelli Kourajian’s alcoholism was a fact that existed and was known to the court at the time of the prior order and therefore is not a new fact to be taken into consideration.

[¶12] Darin Kourajian makes several other allegations regarding Kelli Kourajian’s personal life, work habits and change in residence.  A material change of circumstances can occur if a child’s present environment may endanger the child’s physical or emotional health or impair the child’s emotional development.  
Id.
 (citations omitted).  The party seeking to modify the custody order bears the burden of proof.  N.D.C.C. § 14-09-06.6(8).  Darin Kourajian provided little or no competent firsthand knowledge of the allegations in his affidavit or how they have negatively impacted the children in Kelli Kourajian’s custody.  The purpose of the prima facie case requirement in N.D.C.C. § 14-09-06.6(4) is to avoid holding custody modification hearings based on mere allegations alone.  It is not the purpose of the requirement to allow the moving party an opportunity to investigate allegations.  Even if all of Darin Kourajian’s allegations were presumed to be true, the allegations were not based on firsthand knowledge and therefore are insufficient to warrant an evidentiary hearing. 

III.

[¶13] The district court order denying the motion without an evidentiary hearing cited 
Lagro
 but did not detail which of the several applicable points of law included in 
Lagro
 were applied to the case at hand.  We reiterate our preference for specific findings of fact in decisions regarding child custody matters, rather than use of forms such as the one in the record in this case. 

[¶14] We affirm.

[¶15] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner