2004 ND 203

**Trinh Thi (Leelee) ROBERSON, Plaintiff and Appellee**

**v.**

**Rowdy T. ROBERSON, Defendant and Appellant.**

**No. 20040125.**

Supreme Court of North Dakota.

Nov. 2, 2004.

Theresa L. Zimmerman (argued), American Legal Services, Bismarck, N.D., for defendant and appellant.

Charles R. Isakson (on brief), Chapman and Chapman, P.C., Bismarck, N.D., for plaintiff and appellee.

MARING, Justice.

[¶ 1] ·Rowdy Roberson ("Roberson") appeals from a trial court amended judgment granting custody of his and Leelee Rath's [1] ("Rath"), two minor children to Rath. We affirm.

I

[¶ 2] Roberson and Rath's five-year marriage ended in 2001. The couple has two children, Taylor, age 7, and Lily Anne, age 3. The terms of their divorce stipulated a joint custody arrangement, with the couple alternating custody of the children each week and holiday. In July 2003, Roberson filed a motion for a change of custody, requesting that he be granted full custody of the children. Roberson claimed that Rath was not properly caring for the children and that she was not exhibiting proper concern for their well-being and safety. In December 2003, Rath responded with a counter-motion requesting that a change of custody be granted in her favor. An evidentiary hearing was held where affidavits and testimony in support of both parties were received. The trial court granted full custody to Rath, finding a material change in circumstances necessitating a change of custody had occurred. Specifically, the court found Roberson had failed to comply with the terms of the original custody arrangement, attempted to willfully alienate the minor children from Rath, and a change in custody in favor of Rath was necessary to promote

1. Leelee Roberson has remarried and is now known as Leelee Rath.

the best interests of the children. Roberson appeals.

## II

[¶ 3] Roberson argues on appeal that the trial court erred in finding that the best interests of the children were served by granting Rath full custody. Roberson contends that had the trial court applied his version of the facts to the best interests and welfare factors contained in N.D.C.C. § 14–09–06.2, custody would have been awarded to him.

## III

[¶ 4] A party seeking modification of a custody order bears the burden of showing a change in custody is required, and the trial court's decision on the issue is a finding of fact subject to the clearly erroneous standard of review. *See Seibel v. Seibel*, 2004 ND 41, ¶ 5, 675 N.W.2d 182; *Damron v. Damron*, 2003 ND 166, ¶ 5, 670 N.W.2d 871; *Lanners v. Johnson*, 2003 ND 61, ¶ 4, 659 N.W.2d 864; *Kelly v. Kelly*, 2002 ND 37, ¶ 13, 640 N.W.2d 38 (citing *Anderson v. Resler*, 2000 ND 183, ¶ 8, 618 N.W.2d 480). A finding of fact is clearly erroneous if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made. N.D.R.Civ.P. 52(a); *Mosbrucker v. Mosbrucker*, 1997 ND 72, ¶ 5, 562 N.W.2d 390.

## IV

[¶ 5] Section 14–09–06.6(6), N.D.C.C., provides:

The court may modify a prior custody order after the two-year period following the date of entry of an order establishing custody if the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interest of the child.

[¶ 6] Once a motion for change of custody has been made, the trial court must decide if a prima facie case warranting an evidentiary hearing has been established. Section 14–09–06.6(4), N.D.C.C., outlines the methodology a court should utilize in considering a motion for change of custody. It reads as follows:

A party seeking modification of a custody order shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. If a prima facie case is established, the court shall set a date for an evidentiary hearing.

A trial court should determine "whether a party has established a prima facie case by accepting the truth of the moving party's allegations and may not weigh conflicting allegations." *Mock v. Mock*, 2004 ND 14, ¶ 10, 673 N.W.2d 635.

## V

[¶ 7] Both Roberson's original motion and Rath's counter-motion for a change in custody were brought under N.D.C.C. § 14–09–06.6(6). The trial court found Roberson's initial motion did establish a prima facie case justifying modification of the custody judgment and, under N.D.C.C. § 14–09–06.6(4), held an evidentiary hearing.

[¶ 8] At the hearing, Roberson and Rath each presented their version of the facts through personal testimony, witness testimony, and witness affidavits. At the close of the evidentiary hearing, the trial judge asked both parties to prepare concluding documents to include: proposed findings of fact, conclusions of law, and an order for amended judgment. In his memorandum order, the trial judge found in favor of Rath and stated he was adopting her concluding documents. The trial court found that Roberson had failed to comply with the terms of the original custody judgment and attempted to willfully alienate the minor children from Rath. The trial court concluded a change of custody in favor of Rath was necessary to promote the best interests of the children.

[¶ 9] Roberson contends that the trial court's adoption of Rath's version of the facts is in error and that applying his version of the facts to the best interests and welfare factors under N.D.C.C. § 14–09–06.2 results in an award of full custody to him. We disagree.

### VI

[¶ 10] In effect, Roberson is asking this Court to reweigh the evidence, thereby ignoring precedent and applying a de novo standard of review. We decline to do so. We continue to hold that when two parties present conflicting testimony on material issues of fact, as in the instant case, we will not redetermine the trial court's findings based upon that testimony. See McDowell v. McDowell, 2003 ND 174, ¶ 16, 670 N.W.2d 876. "In a bench trial, the trial court is the 'determiner of credibility issues and we do not second-guess the trial court on its credibility determinations.' We do not reweigh evidence or reassess credibility, nor do we reexamine findings of fact made upon conflicting testimony. We give due regard to the trial court's opportunity to assess the credibility of the witnesses, and the court's choice between two permissible views of the evidence is not clearly erroneous." Id. (quoting Piatz v. Austin Mut. Ins. Co., 2002 ND 115, ¶ 24, 646 N.W.2d 681 (citations omitted)).

[¶ 11] We have previously noted our disapproval of the wholesale adoption of one party's proposed findings of fact. See Smith Enterprises v. In–Touch Phone Cards, 2004 ND 169, ¶ 11, 685 N.W.2d 741; Warner v. Johnson, 213 N.W.2d 895, 898–99 (N.D.1973). However, although we prefer trial courts prepare their own findings of fact, if the adopted findings adequately explain the basis of the trial court's decision, we will uphold them unless clearly erroneous. See McDowell v. McDowell, 2003 ND 174, ¶ 8, 670 N.W.2d 876; Hendrickson v. Hendrickson, 553 N.W.2d 215, 218 (N.D.1996). While this Court does not require a separate finding for each factor, a trial court should state its findings with sufficient enough specificity to enable a reviewing court to understand the factual basis behind the decision. Neidviecky v. Neidviecky, 2003 ND 29, ¶ 4, 657 N.W.2d 255. Here, the trial court explicitly noted that Roberson had failed to comply with the terms of the original custody arrangement, frequently disallowed exercise of Rath's visitation rights, attempted to willfully alienate the minor children from Rath, and a change in custody in favor of Rath is necessary to promote the best interests of the children.

[¶ 12] The record on appeal supports the trial court's decision granting custody to Rath. There is evidence to indicate that Roberson took advantage of Rath's language limitations by convincing her the judgment indicated that he should have custody weekdays and holidays. Rath testified that Roberson, with the cooperation of his family, made the weekly exchange of

the children very difficult. One of Taylor's teachers testified that Roberson spoke poorly about Rath in front of Taylor and told Taylor to "tell your mother you don't want to go home with her." Another teacher testified that Roberson's girlfriend and her children on several occasions pressured Taylor to leave school with them, even though it was Rath's week to have custody. When the teacher intervened and explained that it was Rath's week to have the children, Roberson wrote a note to the teacher and phoned the principal complaining that they should allow Taylor to do as he wished.

[¶ 13] "The right of the children to visitation is presumed to be in their best interests." *Hendrickson v. Hendrickson*, 2000 ND 1, ¶ 19, 603 N.W.2d 896. We have recognized that "visitation problems may justify a change in custody when a court finds such problems have worked against a child's best interests." *Id.* at ¶ 18 (citation omitted). The trial court's findings make it clear that Roberson attempted to disrupt and deny Rath's contact with the children, actions detrimental to their best interests. The record supports the trial court's basis for its conclusions of law. We conclude the trial court's decision to change custody to Rath was not clearly erroneous.

### VII

[¶ 14] We affirm the trial court's amended judgment granting full custody of Roberson and Rath's two minor children to Rath.

[¶ 15] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.