2008 ND 26

**Darin G. FRUEH, Plaintiff and Appellant**

v.

**Melissa A. FRUEH, n/k/a Melissa Hoheisel, Defendant and Appellee.**

No. 20070254.

Supreme Court of North Dakota.

Feb. 21, 2008.

Michael S. McIntee, McIntee Law Firm, Towner, N.D., for plaintiff and appellant.

Rebecca C. Graves, Bismarck, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Darin G. Frueh appeals an amended district court order denying an evidentiary hearing on his motion for change of custody. We hold Frueh has presented sufficient evidence to establish a prima facie case for modification of custody; therefore, we reverse and remand for an evidentiary hearing on his motion.

I

[¶ 2] Darin Frueh and Melissa Frueh, now known as Melissa Hoheisel, were divorced in January 2004. By stipulation, Hoheisel was awarded custody of their minor child, and Frueh was awarded visitation. At the time of the divorce, Hoheisel moved with the child from the parties' home in Goodrich to Bismarck. She remarried in March 2006.

[¶ 3] In June 2007, Frueh moved for a change of custody. In his affidavit, he alleged that their twelve-year-old child

wanted to live with him and that Hoheisel's husband had physically abused the child. An affidavit and a handwritten letter from the child were included with Frueh's motion, expressing his wishes to live with Frueh. The child also alleged in his affidavit and letter that he had been abused by Hoheisel's husband. Hoheisel responded with an affidavit claiming that she was unaware of any abuse and that Frueh would be too busy with his farming operation to raise the child on his own. The district court concluded Frueh did not establish a prima facie case under N.D.C.C. § 14–09–06.6(4) warranting an evidentiary hearing.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Frueh's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 5] Frueh argues the district court erred in denying the evidentiary hearing, because he provided facts establishing a prima facie case that would support a custody modification. To modify custody after a two-year period following a prior custody order, the district court must consider whether a material change in circumstances has occurred, and if the court finds a material change in circumstances, it then must decide whether custody modification is necessary to serve the best interests of the child. N.D.C.C. § 14–09–06.6(6). A material change in circumstances is demonstrated by establishing a prima facie case under N.D.C.C. § 14–09–06.6(4), which sets forth the procedure a moving party must follow:

A party seeking modification of a custody order shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a prima facie case justifying a modification. If a prima facie case is established, the court shall set a date for an evidentiary hearing.

N.D.C.C. § 14–09–06.6(4).

[¶ 6] Regarding a prima facie case, this Court has stated:

A prima facie case does not require facts which, if proved, would mandate a change of custody as a matter of law. A prima facie case only requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed. A prima facie case is only "enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." It is a bare minimum.

*Lagro v. Lagro*, 2005 ND 151, ¶ 17, 703 N.W.2d 322 (quoting *Tank v. Tank*, 2004 ND 15, ¶ 12, 673 N.W.2d 622 (citations omitted)). Allegations alone do not establish prima facie evidence requiring an evidentiary hearing. *Lagro*, at ¶ 18. Affidavits must be competent in order to establish a prima facie case; competence usually requires that the witness have first-hand knowledge, and witnesses are generally not competent to testify to what they suspect the facts are. *Id.* Affidavits are not competent when they fail to show a basis of actual personal knowledge or if they state conclusions without the support of evidentiary facts. *Id.*

[¶ 7] The opposing party may rebut a prima facie case by going forward with evidence showing the moving party is not entitled to the relief requested. *Id.* at ¶ 16. When the opposing party presents

counter-affidavits that conclusively show the allegations of the moving party have no credibility, or when the movant's allegations are, on their face, insufficient to justify custody modification, the district court, under N.D.C.C. § 14–09–06.6(4), can find the moving party has not established a prima facie case and deny the motion without an evidentiary hearing. *Id.* When an opposing party's evidence merely creates conflicting issues of fact, however, a court may not weigh the conflicting allegations in considering whether a movant has established a prima facie case. *Roberson v. Roberson*, 2004 ND 203, ¶ 6, 688 N.W.2d 380.

[¶ 8] We review the denial of an evidentiary hearing on change of custody under an abuse-of-discretion standard. *Lagro*, 2005 ND 151, ¶ 14, 703 N.W.2d 322. A district court abuses its discretion if it misinterprets or misapplies the law. *Bertsch v. Bertsch*, 2007 ND 168, ¶ 10, 740 N.W.2d 388.

### III

[¶ 9] In support of his motion for change of custody, Frueh filed an affidavit alleging that Hoheisel had remarried and that Hoheisel's husband had abused the child. His affidavit also claimed it was the child's wish to live with him. Included with Frueh's motion was an affidavit and a handwritten letter from the child expressing his desire to live with Frueh. The child's affidavit and letter also stated Hoheisel's husband had grabbed him by the throat.

[¶ 10] Hoheisel responded with her own affidavit denying there was any abuse. She stated her husband had grabbed the child by the chin rather than the throat. She included a report from Burleigh County Social Services that stated there were no risk factors for abuse or neglect. She also alleged that Frueh would be too busy on his farm to adequately care for the child.

[¶ 11] The district court found Frueh did not establish a prima facie case. In its order finding no prima facie case, the court stated:

The main argument is that Melissa had moved to Bismarck with [the child], that Melissa's new husband had been abusing [the child] and that [the child] wanted to live with Darin. Melissa rebutted the allegations of abuse and pointed out that Darin would be too busy to properly supervise [the child]. Although [the child] is nearing an age when his wishes would be considered by a Court in an initial custody determination, those wishes alone are not controlling.

[¶ 12] We conclude Frueh has provided sufficient competent evidence to establish a prima facie case warranting an evidentiary hearing on his motion. The allegations of abuse in his affidavit had factual support in the child's own affidavit and handwritten letter. The child's affidavit also supported Frueh's allegation that the child wanted to live with him. The remarriage of a parent, as well as a mature child's preference to live with one parent, may constitute a material change of circumstances that would be sufficient to raise a prima facie case for change of custody, entitling the movant to an evidentiary hearing. *See Gietzen v. Gietzen*, 1998 ND 70, ¶ 10, 575 N.W.2d 924 (remarriage); *Kelly v. Kelly*, 2002 ND 37, ¶ 19, 640 N.W.2d 38 (child's preference). Additionally, evidence of abuse would also constitute a material change in circumstances. *Dietz v. Dietz*, 2007 ND 84, ¶ 13, 733 N.W.2d 225.

[¶ 13] Although Hoheisel submitted an affidavit opposing Frueh's allegations, it does not conclusively establish that

Frueh's allegations are not credible or that his allegations are insufficient, on their face, to justify custody modification. Hoheisel's affidavit creates conflicting fact issues about some of Frueh's allegations. A court may not weigh conflicting allegations in considering whether a movant has established a prima facie case; such weighing of the evidence is done at an evidentiary hearing. The district court misapplied the law by weighing the conflicting evidence in the affidavits. We therefore reverse the order denying Frueh's motion to modify custody, and we remand for an evidentiary hearing.

## IV

[¶ 14]  The district court's amended order is reversed, and the case is remanded for an evidentiary hearing on Frueh's motion for change of custody.

[¶ 15] GERALD W. VANDE WALLE, C.J., concurs.

MARING, Justice, specially concurring in the result.

[¶ 16]  I respectfully concur in the result. I would reverse the trial court's order denying an evidentiary hearing on Darin Frueh's motion for change of custody, but for different reasons than those stated in the majority opinion.

[¶ 17]  Darin Frueh alleges that the new husband of Melissa Hoheisel abused the minor child and that the child wants to live with him. Frueh filed an affidavit that contained no personal knowledge of any abuse. He attached to his affidavit a handwritten letter signed by the minor child, which was not in affidavit form and not notarized and, therefore, not competent admissible evidence. The trial court entered its order finding no prima facie case on July 24, 2007. On July 25, 2007, the trial court received a supplemental affidavit from Darin Frueh and a notarized affidavit from the minor child. The trial court considered these affidavits and declined to change its decision. The trial court entered an amended order again finding no prima facie case.

[¶ 18]  The affidavit of the minor child alleges that his stepfather "grabbed me by the throat." The minor child explains that he pushed his stepbrother because the stepbrother was making fun of him. The minor child alleges his stepfather grabbed him by the throat and said "don't do that or something like that." The minor child does not allege he was injured or hurt. He alleges only this one incident. The record indicates this incident would have occurred in March 2006, over one year before Darin Frueh brought his motion on June 29, 2007, to change custody. There are no allegations of "abuse" occurring before March 2006 or after the incident in March 2006. Although the trial court's decision arguably relies on the rebuttal affidavit of Melissa Hoheisel and the Burleigh County Social Services' finding of "no risk factors for abuse or neglect," the trial court's decision is correct that there is not a prima facie case to warrant a hearing based on the evidence before it on the issue of abuse by the stepfather. We have said:

> The moving party establishes a prima facie case by alleging, with supporting affidavits, sufficient facts which, if they remained uncontradicted at an evidentiary hearing, would support a custody modification in her favor.

*Tank v. Tank*, 2004 ND 15, ¶ 9, 673 N.W.2d 622.

[¶ 19]  Remarriage alone does not dictate a change of custody. *Barstad v. Barstad*, 499 N.W.2d 584, 587 (N.D.1993) (citing *Gould v. Miller*, 488 N.W.2d 42, 44 (N.D.1992)). The trial court should modify custody only if a change in custody is

necessary or required for the best interest of the child. N.D.C.C. § 14–09–06.6. In *Volz v. Peterson*, 2003 ND 139, ¶ 6, 667 N.W.2d 637, we said:

> In a modification decision, the trial court must first determine whether a material change in circumstances has occurred and then whether "the modification is necessary to serve the best interest of the child." N.D.C.C. § 14–09–06.6(6).

[¶ 20] "An environment that endangers the child's physical or emotional health is considered a material change in circumstance." *Mock v. Mock*, 2004 ND 14, ¶ 7, 673 N.W.2d 635. However, not every change in circumstance necessitates a modification of custody in the best interest of the child. *See Dalin v. Dalin*, 512 N.W.2d 685 (N.D.1994). In this case, even if the allegation of the minor child was ultimately proven and found to be true, it would not establish a prima facie case under N.D.C.C. § 14–09–06.6(4). There is no evidence of any harm or potential harm to the minor child. The allegation in this case of one incident which occurred over one year ago is not sufficient to establish a material change in circumstances necessitating a change in custody in the best interest of the child. *See* N.D.C.C. § 14–09–06.6(6); *Tank*, 2004 ND 15, ¶ 43, 673 N.W.2d 622 (Maring, J., dissenting); *Mock*, at ¶ 25 (Maring, J., dissenting) (stating one of the purposes of the North Dakota motion practice-affidavit practice is to discourage unsubstantial motions for modification). The question of whether to grant an evidentiary hearing rests in the discretion of the trial court. *Lagro v. Lagro*, 2005 ND 151, ¶ 14, 703 N.W.2d 322. I am of the opinion that based on the evidence presented by Darin Frueh on the issues of Melissa Hoheisel's remarriage and the abuse of the minor child by her husband, the trial court did not abuse its discretion in denying an evidentiary hearing.

[¶ 21] The third basis for Darin Frueh's motion for modification is the preference of the minor child to live with him on the farm. The minor child's affidavit does state that he wants to live with his dad on the farm. The minor child was twelve years old when he signed and filed the affidavit. We have stated that a *mature* child's preference should only be considered if there are *persuasive reasons* for it. *Krizan v. Krizan*, 1998 ND 186, ¶ 9, 585 N.W.2d 576 (emphasis added). In this case, the minor child's affidavit does state the reasons he wants to live with his dad, including that he wants to play sports in Harvey, wants to farm, and does not like his stepfather. Based on the age of the minor child and his affidavit stating with particularity the reasons why he wants to live with his dad, a prima facie case was made by Darin Frueh entitling him to an evidentiary hearing.

[¶ 22] However, in making its ultimate decision on whether to change custody, the trial court must examine the preference of the child with care because a preference " 'may ... be motivated by goals and ambitions which undermine the significance of that preference ...' " *Barstad*, 499 N.W.2d at 588 (quoting *Mertz v. Mertz*, 439 N.W.2d 94, 96–97 n. 2 (N.D.1989)). We held in *Barstad* "[a] twelve-year-old's desire to remain involved in hometown sports activities is a 'goal[ ] and ambition[ ],' that cannot trump the superior benefits to his best interests that we have recognized to inhere in the finality of litigation and the stability of the ongoing custodial relationship." *Barstad*, 499 N.W.2d at 588–89 (citations omitted).

[¶ 23] I, therefore, concur in the result of the majority opinion and would reverse and remand for an evidentiary hearing.

[¶ 24] Mary Muehlen Maring.

KAPSNER, Justice, concurring in the result.

[¶ 25] For reasons set forth in my dissent in *Lagro v. Lagro*, 2005 ND 151, ¶¶ 27–34, 703 N.W.2d 322 (Kapsner, J., dissenting), I dissent from the statement in paragraph 8 of the majority opinion that the standard of review is an abuse-of-discretion standard. That standard ignores the language of N.D.C.C. § 14–09–06.6(4), embodying the concept of a prima facie case. Determining whether a prima facie case has been established is a matter of law, not discretion. However, applying the correct standard of review, I concur the order must be reversed for the reasons set out in paragraphs 12 and 13 of the majority opinion and I concur in the result.

[¶ 26] DANIEL J. CROTHERS, concurs.