2011 ND 75

**Kim SCHUMACKER, Plaintiff and Appellee**

v.

**Curttis SCHUMACKER, Defendant and Appellant.**

No. 20100282.

Supreme Court of North Dakota.

April 12, 2011.

Justin D. Hager (argued), Bismarck, ND, for plaintiff and appellee.

Theresa L. Kellington (argued), Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Curttis Schumacker appeals the district court order denying his motion to amend the stipulated divorce judgment granting Kim Blair, formerly known as Kim Schumacker, primary residential responsibility of their children. We reverse and remand, concluding Schumacker's affidavit established a prima facie case entitling him to an evidentiary hearing on his motion to change residential responsibility.

I

[¶ 2] Schumacker and Blair were married in September 1992. They have two children, C.S. and A.S. In April 2007, a divorce judgment was entered incorporating Schumacker and Blair's stipulation for property settlement, custody, and divorce. Under the stipulation, Blair and Schumacker shared joint legal custody of their children, with Blair having physical custody.

[¶ 3] In June 2010, Schumacker moved to change primary residential responsibility to himself, alleging a material change in circumstances occurred. Schumacker supported his motion with his affidavit containing some competent evidence and some clearly incompetent and inaccurate allegations. Blair opposed the motion and submitted affidavits supporting her response.

[¶ 4] On July 29, 2010, the district court entered an order denying an evidentiary hearing, finding Schumacker did not establish a prima facie case for modification of primary residential responsibility and finding his credibility extremely suspect. Schumacker appealed.

II

[¶ 5] Schumacker argues he was entitled to an evidentiary hearing because he established a prima facie case for a change in primary residential responsibility of the parties' children.

[¶ 6] Whether a party presented a prima facie case for a change of primary residential responsibility is a question of law, which this Court reviews de novo. *Green v. Green*, 2009 ND 162, ¶ 5, 772 N.W.2d 612. Section 14–09–06.6, N.D.C.C., provides for post-judgment modification of primary residential responsibility more than two years after entry of a stipulated divorce judgment:

4. A party seeking modification of an order concerning primary residential responsibility shall serve and file moving papers and supporting affidavits and shall give notice to the other party to the proceeding who may serve and file a response and opposing affidavits. The

court shall consider the motion on briefs and without oral argument or evidentiary hearing and shall deny the motion unless the court finds the moving party has established a *prima facie* case justifying a modification. The court shall set a date for an evidentiary hearing only if a prima facie case is established.

. . . .

6. The court may modify the primary residential responsibility after the two-year period following the date of entry of an order establishing primary residential responsibility if the court finds:

   a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

   b. The modification is necessary to serve the best interest of the child.

[¶ 7] A party moving for a change of primary residential responsibility must establish a prima facie case justifying a modification before the party is entitled to an evidentiary hearing. *Joyce v. Joyce*, 2010 ND 199, ¶ 7, 789 N.W.2d 560 (citing *Green*, 2009 ND 162, ¶ 7, 772 N.W.2d 612). "A prima facie case is a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed." *Id.* (citing *Green*, at ¶ 7). "[A]ttempts to establish a prima facie case justifying modification of custody [must] be considered on briefs and supporting affidavits and without oral arguments or an evidentiary hearing." *Dufner v. Trottier*, 2010 ND 31, ¶ 15, 778 N.W.2d 586. Allegations alone do not establish a prima facie case, and affidavits supporting the motion for modification must include competent information, which usually requires the affiant have first-hand knowledge. *Joyce*, at ¶ 7 (citing *Green*, at ¶ 13).

"Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts." *Id.* (citing *Green*, at ¶ 13). "It is not the purpose of the requirement to allow the moving party an opportunity to investigate allegations." *Kourajian v. Kourajian*, 2008 ND 8, ¶ 12, 744 N.W.2d 274.

[¶ 8] "The trial court must accept the truth of the moving party's allegations and may not weigh conflicting allegations in deciding whether to grant a hearing." *Tank v. Tank*, 2004 ND 15, ¶ 20, 673 N.W.2d 622. An opposing party may rebut a prima facie case by bringing forward evidence that the moving party is not entitled to the relief requested. *Frueh v. Frueh*, 2008 ND 26, ¶ 7, 745 N.W.2d 362. "When an opposing party's evidence merely creates conflicting issues of fact, however, a court may not weigh the conflicting allegations in considering whether a movant has established a prima facie case." *Id.* (citing *Roberson v. Roberson*, 2004 ND 203, ¶ 6, 688 N.W.2d 380). A court may find a moving party failed to establish a prima facie case if the opposing party presents counter-affidavits that conclusively show the allegations of the moving party have no credibility or are insufficient to justify a modification of primary residential responsibility. *Id.* If the opposing party's counter-affidavits fail to establish the moving party's allegations have no credibility or are insufficient to justify modification, an evidentiary hearing must be held to resolve conflicting evidence and determine whether a modification in primary residential responsibility is warranted. *Tank*, at ¶ 9.

A

[¶ 9] Schumacker argues Blair's two suicide attempts, one occurring with the children present, constitute a material

change in circumstances. Blair asserts her suicide attempts cannot be considered a material change in circumstances because the attempts occurred before the divorce judgment was entered.

■ [¶ 10] "A material change in circumstances means important new facts that were unknown at the time of a prior custodial decree." *Joyce,* 2010 ND 199, ¶ 8, 789 N.W.2d 560 (citing *Kelly v. Kelly,* 2002 ND 37, ¶ 17, 640 N.W.2d 38). Schumacker stated in his affidavit that the suicide attempts happened "[s]ince the date of Judgment." Schumacker's affidavit establishes he has some personal knowledge about the suicide attempts, and accepting the truth of Schumacker's allegations, *see Tank,* 2004 ND 15, ¶ 20, 673 N.W.2d 622, the parties' children knew of the attempts and were negatively affected by them. The counter-affidavits Blair submitted do not conclusively show Schumacker's allegations have no credibility or are insufficient to justify a modification. Instead, Blair's counter-affidavits include conflicting allegations, which are insufficient to rebut a prima facie case. *See Frueh,* 2008 ND 26, ¶ 7, 745 N.W.2d 362. Merely conflicting allegations must be resolved at an evidentiary hearing.

■ [¶ 11] In arguing the suicide attempts were not a material change in circumstances, Blair stated in her affidavit the attempts occurred prior to the divorce judgment. Because the original custody decree was based upon the parties' stipulation, the suicide attempts may still be relevant if the court was unaware of the attempts when entering the judgment. "Pre-divorce conduct can be relevant in a [change of] custody matter when the divorce was stipulated and the trial court was unaware of the facts at the time of the stipulation." *Mock v. Mock,* 2004 ND 14, ¶ 13, 673 N.W.2d 635. Blair argues the trial court knew of the suicide attempts

when entering the divorce judgment, but her argument relies upon interrogatories attached to a motion to compel. It is not evident from this record whether the court was aware of the suicide attempts, and Blair's evidence that exists outside the parties' moving papers and supporting affidavits does not rebut the prima facie case.

[¶ 12] Schumacker's affidavit includes competent first-hand knowledge on the suicide attempts, establishing a prima facie case that would justify a modification of primary residential responsibility if proved at an evidentiary hearing. The district court erred by finding Schumacker's affidavit fails to provide the prima facie case required for an evidentiary hearing. An evidentiary hearing is the proper forum for the parties to resolve the factual disputes.

B

■ [¶ 13] Schumacker's affidavit contains allegations about incidents of domestic violence in Blair's home with her new husband.

■ [¶ 14] "A material change of circumstances can occur if a child's present environment may endanger the child's physical or emotional health or impair the child's emotional development." *Lechler v. Lechler,* 2010 ND 158, ¶ 17, 786 N.W.2d 733 (citing *Niemann v. Niemann,* 2008 ND 54, ¶ 12, 746 N.W.2d 3). "If domestic violence exists under the definition in N.D.C.C. § 14–07.1–01 but does not rise to the level necessary to invoke the presumption contained in N.D.C.C. § 14–09–06.2(1)(j), there may nevertheless be a change of circumstances which may justify a change in [primary residential responsibility] under N.D.C.C. § 14–09–06.6." *Id.* (quoting *Niemann,* at ¶ 14). Affidavits must include competent information to establish a prima facie case, which usually

requires the affiant have first-hand knowledge. *Joyce*, 2010 ND 199, ¶ 7, 789 N.W.2d 560 (citing *Green*, 2009 ND 162, ¶ 13, 772 N.W.2d 612). "Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts." *Id.* (citing *Green*, at ¶ 13).

[¶ 15] Inadmissible hearsay statements are not competent evidence. Some of the statements in Schumacker's affidavit rely on what he was told by the parties' children and Blair's mother and are inadmissible hearsay. An exception to the hearsay rule allows "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed...." N.D.R.Ev. 803(3). For a statement to be admissible under the state of mind or emotion exception to the hearsay rule, the declarant's statement must be contemporaneous with the mental or emotional state sought to be proven, there must be no circumstances suggesting a motive for the declarant to misrepresent his or her state of mind, and the declarant's state of mind must be relevant to an issue in the case. 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 803.05[2] (2nd ed.2011). Under this exception, statements may not be offered to prove the truth of the underlying facts, but only to show the declarant's state of mind or emotional condition. *Id.* Statements by a child indicating a state of mind or emotional condition resulting from domestic violence in the home may be admissible under the state of mind exception to the hearsay rule, not to prove the facts of the domestic violence, but to prove the state of mind of the child. *See In re Utrera*, 281 Mich.App. 1, 761 N.W.2d 253,

265–66 (2008) (child's statements of fear resulting from domestic violence incidents admissible to prove child's state of mind and relevant because the disruption of the child-parent relationship was at issue); *see also In re S.M.*, 304 Mont. 102, 19 P.3d 213, 216–17 (2001) (child's statement that she was afraid was admissible to show her state of mind upon seeing her alleged abuser).

[¶ 16] Schumacker's affidavit includes statements by the parties' children about a domestic violence incident. The affidavit provides, "The children told me what had happened, and about the fight.... The children could hear everything and A.D.S. was crying." This portion of the affidavit offers statements by the children on their existing state of mind and emotion. These statements are exceptions to the prohibition against the use of hearsay and provide competent evidence on how the children were affected by incidents occurring in their home. Schumacker demonstrated he had personal knowledge of the children's resulting state of mind or emotional condition after an incident that occurred in Blair's home. These statements from Schumacker's affidavit meet the "bare minimum" requirement of facts that would support a change of custody. *See Joyce*, 2010 ND 199, ¶ 7, 789 N.W.2d 560. The district court erred by finding Schumacker's affidavit fails to provide the prima facie case required for an evidentiary hearing.

C

[¶ 17] Schumacker made other allegations not supported by competent evidence, which the district court found did not constitute material changes in circumstances. Because we hold the allegations regarding Blair's suicide attempts and domestic violence within the custodial home are sufficient to establish a prima facie

case requiring an evidentiary hearing, we do not address the other allegations.

## III

[¶ 18] Blair requests sanctions for violations of the North Dakota Rules of Appellate Procedure regarding Schumacker's appendix. This Court "may take appropriate action against any person failing to perform an act required by rule or court order." N.D.R.App.P. 13.

[¶ 19] Blair asserts Schumacker should be sanctioned under Rule 14, N.D.R.App. P., because his appendix included the judgment that uses the minor children's full names. Rule 14 prohibits the use of minor children's names in "appellate briefs, at oral argument and in opinions." N.D.R.App.P. 14. This rule does not mention appendixes. Schumacker did not violate Rule 14, N.D.R.App.P.

[¶ 20] Blair argues Schumacker violated Rule 30, N.D.R.App.P. That rule encourages but does not require parties to file a joint appendix. *See* N.D.R.App.P. 30(b) ("The parties are encouraged to agree as to the contents of a single appendix."). While we welcome and appreciate a jointly filed appendix, Blair was free to file her own appendix if she believed important parts of the record were missing from Schumacker's appendix. *See* N.D.R.App.P. 30(b). Blair's request for sanctions is denied.

## IV

[¶ 21] We reverse the district court order and remand because Schumacker's affidavit established a prima facie case entitling him to an evidentiary hearing on his motion to change residential responsibility.

[¶ 22] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, J., concur.

CROTHERS, Justice, concurring and dissenting.

[¶ 23] I concur with the majority's resolution of Part III.

[¶ 24] I respectfully dissent from Part II of the majority's opinion concluding Schumacker's affidavit established a prima facie case for modification of primary residential responsibility. I would affirm the district court's order because the movant's affidavit alleging domestic violence was inadequate to warrant an evidentiary hearing and because evidence of Blair's suicide attempts was before the court when Blair was originally granted primary residential responsibility of the children.

[¶ 25] Regarding allegations of domestic violence in Blair's home, Schumacker's affidavit contains hearsay from his children. Schumacker's affidavit states, "The children told me what had happened, and about the fight. [Blair] and [Blair's husband] were outside yelling and [Blair] was hitting [Blair's husband]. The children could hear everything and A.D.S. was crying."

[¶ 26] The justiciable question here is whether domestic violence in Blair's home provides a prima facie case of a material change in circumstances supporting a change of residential responsibility from Blair to Schumacker. To that question, evidence of whether Blair and her husband were hitting and yelling at each other is offered for truth of the matter asserted—that those two people were engaged in the alleged conduct. The proffered evidence comes not from the declarants, the children, but from Schumacker passing through what "[t]he children told me had happened." Such statements are hearsay and do not fit under a hearsay exception. *See* N.D.R.Ev. 802; *In re Estate of Stanton,* 472 N.W.2d 741, 745 (N.D.1991) ("Statements constituting hearsay, of

course, are generally not admissible unless they fall within an exception to the hearsay rules."). Inadmissible hearsay statements do not provide a prima facie case for modification of primary residential responsibility. *See Green v. Green,* 2009 ND 162, ¶ 13, 772 N.W.2d 612; *Tank v. Tank,* 2004 ND 15, ¶ 12, 673 N.W.2d 622.

[¶ 27] The majority concludes these statements are an exception to the hearsay rule as "the declarant's then existing state of mind, emotion, sensation, or physical condition." Majority Opinion at ¶ 15. The majority acknowledges this state of mind evidence is not competent direct evidence of domestic violence. *Id.* at ¶¶ 15–16. Instead of making that link, the majority lowers the evidentiary bar to a "bare minimum" while never explaining how the state of mind evidence satisfies Schumacker's burden of producing "enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." *Tank,* 2004 ND 15, ¶ 12, 673 N.W.2d 622 (quotation omitted).

[¶ 28] Instead of elevating the state of mind evidence from Schumacker's affidavit to the level of a prima facie case, I would protect the letter and spirit of N.D.C.C. § 14-09-06.6(4) and (6) and conclude the district court did not err by finding this affidavit fails to establish a material change in circumstances.

[¶ 29] The majority also concludes Blair's two suicide attempts provide timely evidence of a material change in circumstances warranting an evidentiary hearing. Majority Opinion at ¶ 12. I again respectfully disagree.

[¶ 30] The underlying divorce judgment was entered on a stipulation between Schumacker and Blair. The record reveals the suicide attempts were discussed in documents filed with the district court prior to entry of the divorce decree. This conduct occurred over three years ago. Schumacker's affidavit establishes he has some personal knowledge about the two attempts; however, Schumacker's affidavit does not explain how these two events support a change of primary residential responsibility. *See Kourajian v. Kourajian,* 2008 ND 8, ¶ 12, 744 N.W.2d 274 (movant's allegations were insufficient when they provided little or no information about "how they have negatively impacted the children"). I would conclude the district court did not err by finding the two suicide attempts that occurred before entry of the divorce judgment were not a material change in circumstances.

[¶ 31] MARY MUEHLEN MARING, J., concur.