2013 ND 9

**Brian L. SWEENEY, Plaintiff**

v.

**Dawn M. KIRBY, Defendant and Appellant.**

No. 20120339.

Supreme Court of North Dakota.

Jan. 23, 2013.

Brian L. Sweeney, plaintiff; no appearance.

Vanessa Rose Berge, Fargo, ND, for defendant and appellant; submitted on brief.

CROTHERS, Justice.

[¶1] Dawn Kirby appeals a district court order denying her motion to modify primary residential responsibility without an evidentiary hearing. We reverse and remand, concluding Kirby made a prima facie case for modification, warranting an evidentiary hearing.

I

[¶2] Kirby and Brian Sweeney are the parents of D.L.K., who was born in 2004. Kirby and Sweeney were not married and never lived together. Paternity was established in 2006, and a child support obligation was set. Prior to seeking primary residential responsibility, Sweeney saw D.L.K. three times in a six-year period. Sweeney is married and lives in Minot, North Dakota. Sweeney and his wife have no children. Sweeney sought primary residential responsibility of D.L.K. in January 2011. On August 22, 2011, a trial was held and the district court awarded Sweeney primary residential responsibility. Kirby was granted supervised parenting time. Kirby subsequently filed a motion to modify primary residential responsibility based on allegations Sweeney refused Kirby's visitation requests and abused D.L.K. The district court's order denied Kirby's motion to modify primary residential responsibility without an evidentiary hearing because it concluded Kirby failed to establish a prima facie case for modification.

II

[¶3] "Whether a party presented a prima facie case for a change of primary residential responsibility is a question of law, which this Court reviews de novo." *Schumacker v. Schumacker*, 2011 ND 75, ¶6, 796 N.W.2d 636.

A

[¶4] Kirby's motion to modify primary residential responsibility was made within two years of the date of entry of the order granting Sweeney primary residential responsibility, which triggers the heightened requirements of N.D.C.C. § 14–09–06.6(5) for the district court to grant modification:

"The court may not modify the primary residential responsibility within the two-year period following the date of entry of an order establishing primary residential responsibility unless the court finds the modification is necessary to serve the best interest of the child and:

a. The persistent and willful denial or interference with parenting time;

b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or

c. The residential responsibility for the child has changed to the other parent for longer than six months."

N.D.C.C. § 14–09–06.6(5). The party seeking modification is entitled to an evidentiary hearing only if "the moving party has established a prima facie case justifying a modification." N.D.C.C. § 14–09–06.6(4).

[¶5] "A prima facie case only requires facts which, if proved at an evi-

dentiary hearing, would support a change of custody that could be affirmed if appealed." *Green v. Green,* 2009 ND 162, ¶ 7, 772 N.W.2d 612 (quotation omitted). "A prima facie case is only 'enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor.' It is a bare minimum." *Id.* (quotation omitted). "Allegations alone do not establish a prima facie case, and affidavits supporting the motion for modification must include competent information, which usually requires the affiant have first-hand knowledge." *Schumacker,* 2011 ND 75, ¶ 7, 796 N.W.2d 636. "Affidavits are not competent if they fail to show a basis for actual personal knowledge, or if they state conclusions without the support of evidentiary facts." *Id.* (quotation omitted). "[C]ompetence usually requires that the witness have first-hand knowledge, and witnesses are generally not competent to testify to what they suspect the facts are." *Green,* at ¶ 13 (quotation omitted).

### B

[¶ 6] Kirby bears the burden of establishing a prima facie case justifying modification. She alleged Sweeney interfered with her parenting time. The district court granted Kirby four hours per month of supervised parenting time. Kirby provided the district court an affidavit stating she had not seen D.L.K. in over six months. Kirby stated she calls D.L.K. on a regular basis but is rarely permitted to speak to D.L.K. Kirby submitted her telephone records supporting this contention. Kirby stated that when she is able to speak with D.L.K., Sweeney demands the call be on speakerphone. If Kirby says something Sweeney does not like, he hangs up the telephone. Kirby stated she has spoken with D.L.K. twice on the telephone since February 2012 because of Sweeney's refusal to permit Kirby to contact D.L.K.

[¶ 7] Kirby's affidavit was competent because it was based on her first-hand knowledge and provided factual support for the conclusion a "persistent and willful denial or interference with parenting time" existed. Kirby's affidavit shows the basis for her personal knowledge and is supported by telephone records. Kirby has personal knowledge as to the lack of her parenting time and telephone conversations with D.L.K. The allegation of lack of parenting time along with the denial of telephone calls is enough to demonstrate Sweeney's denial and interference with Kirby's parenting time. While frustration of parenting time may not always be enough to ultimately modify custody, the evidence presented to the district court was sufficient to establish a prima facie case justifying modification and warranting an evidentiary hearing. *Bladow v. Bladow,* 2005 ND 142, ¶ 10, 701 N.W.2d 903.

[¶ 8] Because we conclude Kirby presented a prima facie case for modification based on interference with parenting time, we do not address the sufficiency of her contentions of abuse.

### III

[¶ 9] We reverse the district court's order and remand for an evidentiary hearing on the motion, concluding Kirby established a prima facie case for modification entitling her to an evidentiary hearing on her motion to modify primary residential responsibility.

[¶ 10] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.