2015 ND 148

**Brian L. SWEENEY, Plaintiff**

v.

**Dawn M. KIRBY, Defendant and Appellant.**

No. 20140309.

Supreme Court of North Dakota.

June 11, 2015.

See also, 826 N.W.2d 330.

Brian L. Sweeney, plaintiff; no appearance.

Vanessa R. Berge, Fargo, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Dawn Kirby appeals from a district court order denying her motion to modify primary residential responsibility of the parties' minor child from Brian Sweeney to her. We affirm, concluding

the court's denial of Kirby's motion is not clearly erroneous.

## I

[¶ 2] Kirby and Sweeney have one minor child together who was born in 2004. Kirby raised the child until 2011, when Sweeney was granted primary residential responsibility, and Kirby was granted supervised parenting time. In 2012, Kirby moved to modify primary residential responsibility. The district court's order denying the motion without an evidentiary hearing was reversed in *Sweeney v. Kirby*, 2013 ND 9, 826 N.W.2d 330. After an evidentiary hearing in April 2013, the district court denied Kirby's motion, and the order denying the motion was affirmed in *Sweeney v. Kirby*, 2013 ND 179, 841 N.W.2d 2.

[¶ 3] In May 2014, Kirby again moved to modify primary residential responsibility, alleging Sweeney's repeated incarcerations created an unsafe environment for the child, and Sweeney's continued interference with her supervised parenting time was not in the best interests of the child. After an evidentiary hearing in July 2014, the district court denied Kirby's motion, concluding she had not proven a material change of circumstances sufficient to modify primary residential responsibility of the child. The court also concluded Kirby failed to prove modification was necessary to serve the best interests of the child.

[¶ 4] Sweeney was incarcerated at the time of both evidentiary hearings, but appeared by telephone. Before the April 2013 hearing, Sweeney was arrested and incarcerated on felony drug and weapons charges. In October 2013, Sweeney was again arrested and incarcerated on felony drug and weapons charges. Those charges were dismissed in state court, and Sweeney was indicted and convicted in federal court for being a felon in possession of a firearm. He was awaiting sentencing at the time of the July 2014 hearing. Sweeney's former wife Naomi Sweeney, who lives with Sweeney and the child, took care of the child while Sweeney was incarcerated.

[¶ 5] Kirby also has a criminal history. She has a conviction for felony theft and a conviction for having sexual relations with a 16–year–old minor. At the time of the July 2014 hearing, she had completed her probation for the sexual offense, and her sexual offender registration level was "low" risk.

## II

[¶ 6] Kirby argues the district court erred in denying her motion to modify primary residential responsibility of the parties' minor child. She argues Sweeney's criminal behavior and incarceration create a dangerous environment for the child, she has been denied parenting time and contact with the child, and the court erred in finding the best interest factors weighed in favor of Sweeney retaining primary residential responsibility of the child. She also argues the court applied the incorrect legal standard in its analysis of her motion to modify primary residential responsibility.

[¶ 7] We review a district court's decision on a motion to modify primary residential responsibility as a finding of fact subject to the clearly erroneous standard of review. *Krueger v. Tran*, 2012 ND 227, ¶ 11, 822 N.W.2d 44. "A finding is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or we are convinced, based on the entire record, that a mistake has been made." *Id.* We do not reweigh the evidence or reassess the credibility of witnesses, and we will not substitute our judgment for a district court's decision on a motion to modify

primary residential responsibility merely because we might have reached a different result. *Heinle v. Heinle*, 2010 ND 5, ¶ 6, 777 N.W.2d 590.

## A

[¶ 8] Kirby argues the court applied the incorrect legal standard in its analysis of her motion.

[¶ 9] A party may move to modify primary residential responsibility under N.D.C.C. § 14–09–06.6(5) or N.D.C.C. § 14–09–06.6(6). Section 14–09–06.6(5), N.D.C.C., applies when a motion to modify primary residential responsibility is made within a two-year period following the date of entry of an order establishing primary residential responsibility. *Kartes v. Kartes*, 2013 ND 106, ¶ 19, 831 N.W.2d 731. Section 14–09–06.6(6), N.D.C.C., applies when a motion to modify primary residential responsibility is made after a two-year period following the date of entry of an order establishing primary residential responsibility. *Krueger*, 2012 ND 227, ¶ 12, 822 N.W.2d 44.

[¶ 10] Under N.D.C.C. § 14–09–06.6(5), a district court may modify the primary residential responsibility within two years of entry of an order establishing primary residential responsibility if the court finds the modification is necessary to serve the best interests of the child and:

a. The persistent and willful denial or interference with parenting time;

b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or

c. The residential responsibility for the child has changed to the other parent for longer than six months.

[¶ 11] Under N.D.C.C. § 14–09–06.6(6), a district court may modify the primary residential responsibility after two years of entry of an order establishing primary residential responsibility if the court finds:

a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has occurred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interests of the child.

[¶ 12] Under N.D.C.C. § 14–09–06.6(2), "if a motion for modification has been disposed of upon its merits, no subsequent motion may be filed within two years of disposition of the prior motion, except in accordance with subsection 5." Kirby filed her first motion to modify primary residential responsibility in June 2012, and the order denying her motion was entered in April 2013. Kirby again moved to modify primary residential responsibility in May 2014. Because Kirby's current motion was filed within two years of disposition of her first motion, she was required to file the current motion under N.D.C.C. § 14–09–06.6(5).

[¶ 13] The district court considered Kirby's current motion under N.D.C.C. § 14–09–06.6(6), addressing whether there had been a material change in circumstances since the April 2013 order and whether modification was necessary to serve the best interests of the child. The court concluded Kirby had not proven a material change of circumstances since the April 2013 order, stating "[t]he only new information ... since the prior Order is her completion of probation, and lowering her sexual offender rating." The court also concluded Kirby failed to prove modification was necessary to serve the best interests of the child.

[¶ 14] In ruling on Kirby's motion, the district court applied the less stringent

standard under N.D.C.C. § 14–09–06.6(6), rather than the stricter requirements of N.D.C.C. § 14–09–06.6(5). *See Graner v. Graner*, 2007 ND 139, ¶¶ 22, 24, 738 N.W.2d 9. Kirby filed her current motion within two years of the April 2013 disposition of her first motion; therefore, under N.D.C.C. § 14–09–06.6(2), an analysis of the motion under N.D.C.C. § 14–09–06.6(5) was required. Although the court erroneously applied the less stringent requirements of N.D.C.C. § 14–09–06.6(6) to Kirby's current motion, this Court "will not set aside a correct result merely because an incorrect, more relaxed standard was applied, if the result is the same under the correct law and reasoning." *State ex rel. D.D. v. G.K.*, 2000 ND 101, ¶ 6, 611 N.W.2d 179. For reasons discussed below, we conclude the district court's decision was correct under our standard of review. The court's discussion of the best interest factors addressed Kirby's allegations regarding interference with parenting time and the child's present environment.

### B

[¶ 15] Kirby argues Sweeney's repeated arrests and incarceration promote an environment dangerous to the child's physical and emotional health. Under N.D.C.C. § 14–09–06.6(5)(b), Kirby must show "[t]he child's present environment may endanger the child's physical or emotional health or impair the child's emotional development."

[¶ 16] In support of her argument, Kirby cites to three cases discussing incarceration, *Interest of N.C.M., D.C.M., and J.J.M.*, 2013 ND 132, 834 N.W.2d 270; *Interest of G.R.*, 2014 ND 32, 842 N.W.2d 882; and *Interest of C.N.*, 2013 ND 205, 839 N.W.2d 841. In *N.C.M.*, primary residential responsibility was modified after the custodial parent attempted suicide and required services for drug use and psychological issues. 2013 ND 132, ¶¶ 5–7, 834 N.W.2d 270. In *G.R.*, a parent's rights were terminated after the district court found the child was deprived and the deprivation was likely to continue, the parent could not provide stable housing and care for the child, the parent had a lengthy criminal history with multiple periods of incarceration, and the parent consistently showed a disregard for rules. 2014 ND 32, ¶ 4, 842 N.W.2d 882. In *C.N.*, a parent's rights were terminated after the parent was convicted of continuous sexual abuse of a child. 2013 ND 205, ¶ 3, 839 N.W.2d 841.

[¶ 17] Sweeney was convicted in federal court for being a felon in possession of a firearm and was incarcerated while awaiting sentencing at the July 2014 evidentiary hearing on Kirby's motion to modify primary residential responsibility. The district court said Sweeney was also incarcerated at the time of the April 2013 hearing and found Sweeney had not been in the child's life as much as he had before he was incarcerated. The court found Sweeney's pretrial incarceration in 2013 was not materially different from his post-trial incarceration in 2014. In addressing factor (b) of the best interest factors under N.D.C.C. § 14–09–06.2(1) regarding the ability of each parent to provide a safe environment, the court stated there was no evidence presented to suggest the child was not in a safe environment while in Sweeney's care, and Naomi Sweeney was providing for the child in Sweeney's absence. The court referenced its finding from the 2011 trial indicating the child's chronic cough was aggravated by tobacco smoke, and no testimony was offered by Kirby at the July 2014 hearing that she has stopped smoking. The court also found Sweeney was in excellent physical and emotional health.

[¶ 18] Other than incarceration, the cases cited by Kirby are factually distinguishable from this case. While we acknowledge Sweeney is unavailable to parent while he is incarcerated, the district court found Sweeney was in excellent physical and emotional health, and there was no evidence the child is in an unsafe environment. Additionally, Sweeney's sentence for his federal conviction had not been determined at the time of the hearing. The court's finding that the child is not in an unsafe environment while Sweeney is incarcerated is supported by the record and is not clearly erroneous.

### C

[¶ 19] Kirby argues she has been continually denied parenting time and contact with the child. Under the original judgment, Kirby was awarded four hours of supervised parenting time each month, and liberal communication by phone, computer, or other means. The judgment states "[d]isputes between the parties shall be submitted to: counseling; if that fails then the parenting coordinator; if that fails then litigation." Under the judgment, the dispute resolution process begins with a written request from one parent to the other.

[¶ 20] "When a motion to modify primary residential responsibility is predicated on the custodial parent's frustration of the noncustodial parent's parenting time, the district court must act with the 'restraint and caution' required to balance the competing rights, privileges and interests of the parents and the child." *Vining v. Renton*, 2012 ND 86, ¶ 26, 816 N.W.2d 63. Before ordering a change of primary residential responsibility, a court should attempt other remedies to address a custodial parent's frustration with a noncustodial parent's parenting time. *Id.* The district court must find the problems with

parenting time have worked against the child's best interests before changing primary residential responsibility. *Sweeney v. Sweeney*, 2002 ND 206, ¶ 11, 654 N.W.2d 407.

[¶ 21] Kirby testified she has not seen the child since November 2011. This is concerning because a child is entitled to a relationship with a parent in the absence of evidence that the relationship is detrimental to the child. *See Iverson v. Iverson*, 535 N.W.2d 739, 742 (N.D.1995) ("regularly scheduled visitation is an integral part of developing a healthy relationship between a child and the non-custodial parent"). Kirby's affidavit in support of her motion stated she last spoke with the child on the phone in March 2014. She testified Brian and Naomi Sweeney denied her contact with the child by not answering her calls or by blocking her phone number. She sent certified letters to Brian or Naomi Sweeney requesting phone contact and her monthly parenting time with the child. The letters were undelivered and returned to Kirby. Her affidavit also stated she "gave up for a bit" after her earlier motion to modify primary residential responsibility was denied.

[¶ 22] In discussing best interest factor (a) under N.D.C.C. § 14–09–06.2(1), dealing with the love, affection, and other emotional ties existing between the parents and child, the district court found:

> [The child] had little guidance with Dawn in the first six years of her life. [The child] was in and out of foster care. Since 2011, there is no evidence suggesting that Dawn has ever taken advantage of the supervised parenting time that she was awarded in the initial Judgment. Dawn, in fact, has had few attempts at even communicating with [the child]. At an earlier hearing, it was established that Dawn was just as much at fault in not getting phone calls to [the child] as

Brian was. And that decision was affirmed by the North Dakota Supreme Court. Dawn has attempted to send few letters and she has not sent one gift to [the child] in the last nearly three years.

The court did not make a finding that the visitation problems had worked against the child's best interests. There is also no evidence Kirby has exhausted the remedies in the judgment regarding dispute resolution. There is some evidence she has written letters to begin the process for dispute resolution, but there is no evidence she has sought the involvement of a parenting coordinator to remedy any problems with her parenting time. There may be evidence suggesting Sweeney has interfered with Kirby's parenting time, but Kirby is directed to pursue the other remedies in the judgment before litigating the issue. The court's findings on Sweeney's interference with Kirby's parenting time are not induced by an erroneous view of the law and are supported by the record. We conclude the court's findings are not clearly erroneous.

**D**

 [¶ 23] Kirby argues the district court erred in concluding she failed to prove modification was necessary to serve the best interests of the child. To determine whether modification is necessary to serve the best interests of the child, the court must consider the best interest factors set out in N.D.C.C. § 14–09–06.2(1). *Kartes,* 2013 ND 106, ¶ 34, 831 N.W.2d 731.

[¶ 24] The district court made detailed findings of fact and found six of the statutory factors favored Sweeney and none of them favored Kirby. The court found factor (c), the ability of each parent to meet the child's developmental needs, favored Sweeney, stating that while in his care, the child has excelled in school, is taking dance

and guitar lessons, attends church, and has a positive relationship with her older brother and sister, who have no relationship with Kirby. The court found factor (d), the sufficiency and stability of each parent's home environment, was "the most important factor in [the] analysis of whether primary residential responsibility should be changed", and stated:

> Stated earlier, [the child] has lived with Brian and/or Naomi for nearly three years. Naomi has been a positive influence in [the child's] life. This is evidenced in her stellar school record, and the activities that [the child] is partaking in.
>
> Dawn has asked this Court to take judicial notice that Brian and Naomi were divorced in April of 2006. That may be true, but since the 2011 hearing, Brian and Naomi have lived together and for all accounts, [the child] sees Naomi as her stepmother. Furthermore, while with Brian and/or Naomi, [the child] has had a positive relationship with her older brother and sister who have no relationship with Dawn.
>
> As stated earlier, [the child] had little stability with Dawn in the first six years of her life, where [the child] was in and out of foster care.
>
> The Court concludes the only real stability [the child] has known has been the nearly three years she has spent with Brian and/or Naomi. This factor favors Brian.

The court also found factor (h), the home, school, and community records of the child and the potential effect of any change, was another important factor favoring Sweeney, and stated:

> The Court deems this as a very important factor. The Court had earlier found that [the child], while in Dawn's care, had missed a good deal of days in

kindergarten to such a degree that her teachers felt it was affecting her progress in school. [The child] has thrived in the nearly three years that she has lived with Brian and/or Naomi. She is doing very well in school. As stated earlier, she is involved in taking dance and guitar lessons. Placing [the child] with Dawn at this time would not be in the best interest of [the child].

After discussing the best interest factors, the court concluded Kirby failed to prove modification was necessary to serve the best interests of the child.

[¶ 25] In denying Sweeney's motion to modify primary residential responsibility, the district court made specific findings under the best interest factors. The court also concluded Kirby failed to establish a material change of circumstances since the April 2013 order entitling her to a modification of primary residential responsibility. Although the court applied the less stringent standard under N.D.C.C. § 14–09–06.6(6) rather than the stricter requirements of N.D.C.C. § 14–09–06.6(5), the court sufficiently addressed Kirby's allegations regarding interference with parenting time and the child's present environment in its discussion of the best interest factors. After making specific findings of fact, the court adequately explained its decision to deny Kirby's motion to modify primary residential responsibility. The evidence supports the court's findings, and we are not left with a definite and firm conviction a mistake was made. Under our standard of review, we conclude the court's denial of Kirby's motion is not clearly erroneous.

### III

[¶ 26] Kirby argues retaining primary residential responsibility with Sweeney is an award of primary residential responsibility to Naomi Sweeney, a third party. Sweeney was incarcerated awaiting sentencing when the district court issued its order and the child was in Naomi Sweeney's care. Without knowing Sweeney's sentence, we are unable to address this issue.

### IV

[¶ 27] We have considered Kirby's remaining arguments and conclude they are either unnecessary to our decision or without merit. We affirm the order denying Kirby's motion to modify primary residential responsibility.

[¶ 28] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.